PEOPLE *v.* STIREWALT

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE.

 The examining magistrate does not sit as a trier of fact at the preliminary examination and he need not weigh the evidence to see if there is proof of guilt beyond a reasonable doubt; all he needs to find at the preliminary hearing in order to bind the accused person over for trial is that a crime has been committed and that there is probable cause to believe that the accused committed that crime (CL 1948, § 766.13).

2. CRIMINAL LAW—CARRYING CONCEALED WEAPON—ELEMENTS OF CRIME—INVISIBILITY OF WEAPON.

 Absolute invisibility of the weapon is not required for a conviction for carrying a concealed weapon (CL 1948, § 750.227).

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—DISCRETION OF MAGISTRATE.

 A trial court has no right to substitute its judgment for that of the examining magistrate who has bound one charged with a felony over to circuit court for trial except in the case of a clear abuse of discretion, even though it may not agree with the magistrate's determination.

4. CRIMINAL LAW—CARRYING CONCEALED WEAPON—FACT QUESTION—PRELIMINARY EXAMINATION.

 Whether a weapon was concealed from ordinary observation or not is a question to be determined by the trier of fact, and therefore it was error for a circuit court to quash an information against defendant for carrying a concealed weapon on the ground that no concealment was shown, when the evidence presented at the preliminary examination tended to show that no one had seen the weapon that the accused was carrying until the time of his arrest.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 21 Am Jur 2d, Criminal Law §§ 443, 449.
[2] 56 Am Jur, Weapons and Firearms § 10.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 February 10, 1969, at Detroit. (Docket No. 5,676.) Decided February 28, 1969.

Edward Eugene Stirewalt was charged with carrying a concealed weapon. Defendant's motion to quash the information granted. The people appeal. Reversed, and information reinstated.

*Frank J. Kelley,* Attorney General, Robert A. *Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM.  Edward Stirewalt was arrested on January 26, 1968, and charged with carrying a concealed weapon.[1]  A preliminary examination was conducted in the municipal court for the city of Flint, and the defendant was bound over to Genesee county circuit court.  On May 2, 1968, the court, ruling on defendant's motion to quash the information, dismissed the case on the ground that the weapon was not concealed.  From this dismissal the prosecutor appeals.[2]

All that the examining magistrate need find at the preliminary hearing is that an offense has been committed, and that there is probable cause that the accused committed it.[3]  The examining magistrate does not sit as a trier of fact at the preliminary examination and he need not weigh the evidence to see if there is proof of guilt beyond a reasonable doubt. *People* v. *Spann* (1966), 3 Mich App 444.

[1] CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).
[2] Pursuant to CL 1948, § 770.12 (Stat Ann 1954 Rev § 28.1109).
[3] CL 1948, § 766.13 (Stat Ann 1954 Rev § 28.931).

In *People* v. *Morris* (1967), 8 Mich App 688, and more recently in *People* v. *Jones* (1968), 12 Mich App 293, this Court has held that absolute invisibility in carrying a concealed weapon is not required. At the preliminary hearing it was determined that a weapon was in the defendant's pocket. There was no testimony that the gun was seen by anyone until the accused turned, at the insistence of a police officer.

A trial court has no right to substitute its judgment for that of the examining magistrate except in the case of a clear abuse of discretion, even though it may not agree with the determination. *People* v. *Medley* (1954), 339 Mich 486; *People* v. *Delaney* (1962) 367 Mich 694.

The issue of concealment depends on the facts of the case; and whether the weapon was concealed from "ordinary observation" is a question to be determined by the trier of fact. *People* v. *Jones, supra.* Upon a review of the transcript of the preliminary hearing, there appears to be sufficient evidence to uphold the magistrate's action.

Reversed, reinstated, and remanded.