PEOPLE v JACKSON

1. WEAPONS—CONCEALMENT.

Concealment is an essential element of the crime of carrying a concealed weapon but the weapon is not required to be absolutely hidden, but rather merely not readily observable by persons in the ordinary and usual associations of life; concealment depends on the particular circumstances and is for the trier of facts to determine (MCLA 750.227).

2. WEAPONS—CONCEALMENT—EVIDENCE.

Defendant's conviction of carrying a concealed weapon was supported by the evidence where testimony established that defendant placed a revolver in the waistband of his trousers and that at some point the witness "couldn't see [the revolver] plain" (MCLA 750.227).

3. CRIMINAL LAW—POLICE REPORT.

It is not reversible error for a trial judge sitting without a jury to consult a police report not placed in evidence where defense counsel was attempting in effect to use the report as a prior inconsistent statement of the officer he was cross-examining, wished the judge to see the report, and stated that he had no objection.

4. CRIMINAL LAW—RES GESTAE WITNESS—FAILURE TO INDORSE.

Failure of arresting officers to secure names of res gestae witnesses on the information, and of the prosecution to find and indorse them, is not reversible error where defendant's attorney failed to raise the issue at the trial; it may not be raised for the first time on appeal.

Appeal from Recorder's Court of Detroit,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 56 Am Jur, Weapons and Firearms § 10.
Offense of carrying concealed weapon as affected by manner of carrying or place of concealment, 50 ALR 1534.
[3] 53 Am Jur, Trial § 21.
[4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

Thomas L. Poindexter, J. Submitted Division 1 June 21, 1972, at Detroit. (Docket No. 13476.) Decided October 26, 1972.

Phillip L. Jackson was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant on appeal.

Before: LEVIN, P. J., and V. J. BRENNAN and BRONSON, JJ.

PER CURIAM. Phillip L. Jackson was convicted by a judge, sitting without a jury, of carrying a concealed weapon. MCLA 750.227; MSA 28.424. We affirm.

Jackson initially questions whether the evidence was sufficient to sustain the charge of carrying a concealed weapon. He argues that the people failed to offer any proof of one of the necessary elements of the crime, *viz.,* concealment. The determination of this issue turns on an evaluation of the testimony of three witnesses.

Walker Render testified that Jackson fired a revolver into the air while standing a few feet behind Render's automobile. Render saw Jackson then place the revolver in the waistband of his trousers, and then, after one of Jackson's companions shouted that the police were coming, saw Jackson toss the revolver away.

Each of the arresting officers testified that he heard a shot and, with his partner, quickly arrived at the scene. Each saw Jackson take a revolver from his belt and toss it in a clump of bushes or weeds.

Jackson argues that the revolver when placed in his belt may not have been concealed, but rather may have been open to view. He claims that there was no testimony to refute this possibility, and, therefore, that the people failed to prove all the elements of the crime charged.

Concealment is an essential element of the crime of carrying a concealed weapon. *People v Pickett,* 21 Mich App 246 (1970); *People v Reynolds,* 38 Mich App 159 (1972). A weapon is not, however, required to be absolutely hidden to be "concealed", but rather merely not readily observable by persons in the ordinary and usual associations of life. *People v Johnnie W. Jones,* 12 Mich App 293, 296 (1968). The question of concealment turns on the facts of each particular case, and is therefore ordinarily to be decided by the trier of fact. *People v Jones, supra; People v Reynolds, supra.*

In this case the testimony established that the revolver was placed in the belt or waistband of Jackson's trousers. Witness Render demonstrated to the judge the manner in which the revolver was hidden. His testimony that at some point he "couldn't see [the revolver] plain" supports a finding that the revolver had been effectively concealed, and, accordingly, we cannot say that this record was insufficient to support the conclusion of the trier of fact.

Jackson also contends that the trial judge erred when he read a police "write-up" which was not introduced into evidence. He relies on *People v*

*Ramsey,* 385 Mich 221 (1971), in support of his argument.

The write-up in this case was used by one of the arresting officers, at Jackson's lawyer's request, to refresh his memory during cross-examination. Jackson's lawyer asked to see the write-up, and began questioning the witness about apparent inconsistencies between his testimony and the write-up. The judge asked whether anyone had an objection to allowing him to read the write-up, and Jackson's lawyer replied, "No sir, your Honor, none whatsoever".

The facts of this case are significantly different from those presented in *People v Ramsey, supra.* There the judge, after the defendant had waived trial by a jury, requested that the prosecutor provide him with a copy of the preliminary examination transcript. In this case Jackson's lawyer was trying to use the police write-up as a prior inconsistent statement of the officer in an effort to impeach his testimony. Although the lawyer did not seek to have the write-up formally introduced into evidence as an inconsistent statement, his statements during the course of the trial indicate that he was eager for the judge to consult and rely on the write-up as though it had been introduced. The judge did not commit reversible error by complying with Jackson's lawyer's wishes.

Finally, Jackson argues that his conviction should be reversed because the arresting officers failed to obtain and endorse on the information the names of several res gestae witnesses who were at the scene with Jackson. While Jackson's lawyer did elicit the fact that the officers failed to take the names of one or more witnesses (apparently Jackson's companions) at the scene, he did not seek to require the people to find and endorse

these witnesses. Such a motion is generally necessary in order to preserve this issue for review. *People v Nelson,* 29 Mich App 251, 253–254 (1970); *People v Tiner,* 17 Mich App 18, 20–21 (1969). This is especially true in a case such as this where the prosecutor may well have been unaware of the existence of these witnesses. *Cf. People v Bowman,* 33 Mich App 262, 264 (1971). The failure to request the endorsement and production of these witnesses deprived the prosecutor of an opportunity to remedy ány defect.

Affirmed.