PEOPLE v WILLIAMS

Docket No. 29301. Submitted October 12, 1977, at Lansing.—Decided June 5, 1978.

Jimmie L. Williams was convicted of armed robbery, Ingham Circuit Court, Donald L. Reisig, J. Prior to trial the defendant appeared at a parole revocation proceeding without counsel. The defendant appeals, arguing that the in-court identification of the defendant was tainted because of an impermissibly suggestive pretrial identification procedure which occurred during the parole revocation hearing and that witnesses were improperly questioned about the defendant's employment. *Held:*

The in-court identification of the defendant was proper, even assuming that the parole revocation hearing constituted an impermissibly suggestive identification procedure, because the record discloses clear and convincing evidence that the complaining witness had a prior independent basis for the in-court identification. There was no showing of manifest injustice regarding the prosecution's questioning of the defendant's alibi witnesses as to whether the defendant was employed; therefore, although such questioning was improper, there was no reversible error on that issue.

Affirmed.

H. L. HEADING, J., dissented. He would hold (1) that the trial court's finding that the in-court identification of the defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Witnesses § 492.
[2] 5 Am Jur 2d, Appeal and Error §§ 562, 778.
[3] 21 Am Jur 2d, Criminal Law § 568.
  59 Am Jur 2d, Pardon and Parole § 97.
  Right to assistance of counsel to revoke probation. 44 ALR3d 306.
[4] 29 Am Jur 2d, Evidence § 372.
[5–7] 29 Am Jur 2d, Evidence §§ 371–373, 1143.
  Extrajudicial or pretrial identification of accused, admissibility of evidence as to. 71 ALR2d 449.
[8] 30 Am Jur 2d, Evidence §§ 1085–1086.
  81 Am Jur 2d, Witnesses § 661.
[9] 75 Am Jur 2d, Trial § 708.

rested on an independent basis was clearly erroneous, and (2) that the prosecution's questioning of the alibi witnesses about the defendant's employment at the time of the robbery were so prejudicial that a curative instruction could not have overcome the error and that the defendant should not be precluded from raising the issue on appeal. He would reverse the defendant's conviction and remand for a new trial.

### OPINION OF THE COURT

1. WITNESSES—CRIMINAL LAW—IDENTIFICATION—IMPROPER PROCE-DURE—INDEPENDENT BASIS.

    Factors to be considered in determining whether an in-court identification of a defendant had a basis independent from a pretrial identification procedure include consideration of the witness's opportunity for observation during the crime, accuracy of description, any discrepancy between a pre-lineup description and actual appearance of the defendant, identification of any other person prior to the lineup, failure to identify the defendant on a prior occasion, the lapse of time between the crime and the lineup identification, and any idiosyncratic or special features of the defendant.

2. CRIMINAL LAW—APPEAL AND ERROR—PROSECUTOR'S QUESTIONS—WITNESSES—ALIBI WITNESSES—FAILURE TO OBJECT—MANIFEST INJUSTICE.

    A prosecutor's improper questioning of a defendant's alibi witness regarding the defendant's employment was not reversible error where there was no objection at trial and no showing of manifest injustice.

### DISSENT BY H. L. HEADING, J.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—PRO-BATION REVOCATION HEARING—IDENTIFICATION—CASE PRECE-DENT.

    *A criminal defendant is entitled to representation of counsel at a parole revocation hearing where the hearing is a pretrial identification procedure within the meaning of precedent case law.*

4. CRIMINAL LAW—IDENTIFICATION—PAROLE REVOCATION HEARING—SUGGESTIVE IDENTIFICATION PROCEDURE.

    *A confrontation of a complaining witness with a defendant, who was without counsel, in custody, and obviously the accused at a*

*parole violation proceeding, was an unduly suggestive pretrial identification procedure.*

5. CRIMINAL LAW—IDENTIFICATION—HEARING—ATTORNEY AND CLIENT —DISCRETION.

*The holding of an evidentiary hearing out of the presence of the jury, at which the people must show by clear and convincing evidence that an in-court identification had a basis independent of the prior identification procedure, is not discretionary with the trial judge if there was no counsel at the pretrial identification procedure, or if the procedure was unnecessarily suggestive or conducive to irreparable misidentification.*

6. CRIMINAL LAW—IDENTIFICATION—INDEPENDENT BASIS—SUGGESTIVE IDENTIFICATION PROCEDURE—FINDINGS.

*A trial judge's finding that a complaining witness's in-court identification had a basis independent of an improper pretrial identification procedure should not be disturbed unless it is clearly erroneous.*

7. CRIMINAL LAW—IDENTIFICATION—SUGGESTIVE IDENTIFICATION PROCEDURE—PAROLE VIOLATION HEARING—INDEPENDENT BASIS—IN-COURT IDENTIFICATION.

*A trial court's finding that a complaining witness's in-court identification of a defendant had a basis independent of an impermissibly suggestive pretrial identification procedure at the defendant's parole violation hearing was clearly erroneous where there is no doubt that the showup at the parole hearing aided the complainant in positively identifying the defendant and where, if the complainant had not seen the defendant at the parole hearing, the complainant would not have identified the defendant as the perpetrator of the offense.*

8. CRIMINAL LAW—EVIDENCE—ALIBI WITNESSES—PROSECUTOR'S QUESTIONS—EMPLOYMENT STATUS OF DEFENDANT.

*Questioning by the prosecution of a defendant's alibi witnesses to determine if the defendant was employed at the time of a robbery was improper because the prejudicial value outweighed the probative value.*

9. CRIMINAL LAW—APPEAL AND ERROR—FAILURE TO OBJECT—PROSECUTOR'S QUESTIONS—ALIBI WITNESSES.

*The failure of a defendant to object to questions by a prosecutor of alibi witnesses should not preclude the defendant from raising the issue on appeal where the questions brought forth answers which were so prejudicial that even if an objection had*

*been raised a curative instruction would not have overcome the error.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Lee Wm. Atkinson,* Chief Appellate Attorney, and *Lawrence P. Schneider,* Assistant Prosecuting Attorney, for the people.

*Reid & Reid, P. C.* (by *Joseph D. Reid* and *Lawrence J. Emery),* for defendant on appeal.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

DANHOF, C. J. Defendant was jury convicted of armed robbery in violation of MCL 750.529; MSA 28.797, and was subsequently sentenced to a term of 7-1/2 to 20 years in prison. Defendant appeals as of right raising four issues.

Defendant argues that the absence of counsel at his parole revocation hearing, which took place after his arrest but before his trial on the robbery charge, required the per se exclusion of any testimony concerning that parole revocation proceeding or its result at the robbery trial. The prosecution did not present any such testimony at defendant's trial however.

Defendant further argues that the in-court identification of the defendant by the complaining witness was tainted by the impermissibly suggestive pretrial identification procedure which occurred during the parole revocation hearing. Defendant made a pretrial motion to suppress the in-court identification. Assuming that the defendant is correct that the parole revocation hearing con-

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

stituted an impermissibly suggestive identification procedure, the record discloses clear and convincing evidence that the witness had a prior independent basis for his in-court identification. That basis was his observation of the robber at the scene of the crime both shortly before and during the robbery. Applying the test set out in *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977), reveals that the factors favoring a finding of an independent basis include the witness's opportunity to observe the robber before and during the crime under good lighting conditions with no distractions; the fairly short time between the crime and the trial; the previous proper identification of defendant's photograph in a nonsuggestive identification situation; the accuracy of the witness's description of the defendant given shortly after the crime occurred; and the fact that the witness identified no one other than the defendant as the robber. Some factors do undercut the identification including the witness's excited state during the robbery; his failure to identify defendant's picture shortly after the robbery; and the witness's own testimony which appears confused at points. Defendant places great emphasis on a small part of this testimony which appears to contain an unequivocal admission by the witness that he could not have identified the defendant had he not seen him at the parole revocation hearing. A fair reading of the record shows, however, that the witness misunderstood the question asked of him. The witness subsequently explained that he had not finished his answer and that the parole hearing had no effect on his ability to identify the defendant whom he could have identified as the robber even if he had not seen him at the parole hearing. Our own reading of the question posed to the witness reveals that it contains three negatives

and could easily have confused the witness. The record supports a finding of an independent basis and therefore it was not error to allow the witness to make an in-court identification of the defendant.

Defendant also contends that the prosecutor's unobjected to statement in closing argument that the evidence was "uncontradicted and unrebutted" was an improper comment on the defendant's failure to testify. There is no merit to this contention. *People v Jacoboni,* 34 Mich App 84, 86; 190 NW2d 720 (1971), *People v Franklin,* 70 Mich App 343, 348; 245 NW2d 746 (1976).

Defendant also argues that the prosecutor's questioning of his alibi witnesses to determine if defendant was employed at the time of the robbery was improper. We agree. However, we do not find reversible error here because there was no objection at the trial, the questions were few, the subject was not mentioned in closing argument, and there has been no showing of manifest injustice. See *People v Martin,* 75 Mich App 6, 13–14; 254 NW2d 628 (1977), and *People v Kincade,* 61 Mich App 498, 506–507; 233 NW2d 54 (1975).

Affirmed.

ALLEN, J., CONCURRED.

H. L. HEADING, J. *(dissenting).* Defendant was charged with armed robbery, MCL 750.529; MSA 28.797, and convicted after a jury trial on May 11–12, 1976. He received a sentence of 7–1/2 to 20 years imprisonment, with credit for 122 days time served. He appeals as of right.

Defendant was convicted of robbing a gas station, whose attendant, Michael Blackmer, was the only eyewitness. Blackmer testified that a man, whom he identified as the defendant, first entered the gas station at about 11:10 p.m. on January 22,

1976, and offered to sell him a television. After
Blackmer refused and he left, Blackmer went into
the back room of the station to deposit money in a
floor safe. He testified that the defendant came up
behind him, pointed a gun at him and demanded
money. Blackmer observed the robber face to face.
Defendant removed some $49 from a desk drawer
and another $7 or $8 from Blackmer's back pocket,
then left. The police arrived within a short time,
and, within about 45 minutes, Blackmer was
shown a "mug book" containing 150 photographs.
He made no identification at the time, later testif-
ying that he was extremely frightened and upset.
Five or six days later, Blackmer was shown the
same book and this time identified one of the
photographs—depicting the defendant—as the rob-
ber, but stating he was not positive. (Stipulated
facts by both parties concerning identification.)

Defendant did not testify at trial. His father
testified that when he arrived home from work at
11:15–11:20 on January 22, defendant was home
watching television. Defendant's brother testified
that he was at home with the defendant through-
out the evening. There was testimony that the gas
station which was robbed was four or five blocks
from the Williams home.

Defendant raises four issues on appeal, two of
which are timely and closely related.

On February 6, 1976, three months before the
trial, Blackmer testified at defendant's parole vio-
lation hearing and identified him as the man who
had robbed him. Defendant was not represented by
counsel at that proceeding. On appeal, defendant
argues that this one-on-one confrontation of de-
fendant and complaining witness, conducted in the
absence of defense counsel, deprived him of his
right to counsel at pretrial identification proceed-

ings, *United States v Wade,* 388 US 218; 87 S Ct
1926; 18 L Ed 2d 1149 (1967), *People v Anderson,*
389 Mich 155, 168; 205 NW2d 461 (1973), and
further that it was unduly suggestive. The parole
violation proceeding was a pretrial identification
procedure within the meaning of *People v Ander-
son.* See *People · v Solomon,* 391 Mich 767; 214
NW2d 60 (1973). It follows that the defendant was
entitled to the presence of counsel. The confronta-
tion of the complaining witness with the defend-
ant, who was alone, in custody and obviously the
accused at the parole violation proceeding, was
unduly suggestive.

The trial judge's conclusion that the complain-
ing witness had a basis for his in-court identifica-
tion of the defendant which was independent of
the parole hearing identification is clearly erro-
neous. The procedure and applicable standard
were established in *People v Anderson, supra,* at
169:

"If there was no counsel at the pretrial identification
or if the procedures were unnecessarily suggestive or
conducive to irreparable misidentification, then before
an *in-court* identification may be received in evidence,
the trial court must hold an evidentiary hearing out of
the presence of the jury at which the people must show
by clear and convincing evidence that the in-court
identification had a basis independent of the prior
identification procedure *(Wade)."* See also *United States
v Wade, supra,* at 241–242, *Gilbert v California,* 388 US
263, 272; 87 S Ct 1951; 18 L Ed 2d 1178 (1967).

At the conclusion of the preliminary hearing,
the judge held that an independent basis for the
in-court identification existed in this case. His
conclusion is not to be disturbed unless it is clearly
erroneous. *People v Manuel Johnson,* 58 Mich App
347, 355; 227 NW2d 337 (1975).

I shall organize my discussion of the evidence in accordance with the factors recently enumerated in *People v Kachar,* 400 Mich 78, 95–96; 252 NW2d 807 (1977):

"1. Prior relationship with or knowledge of the defendant."

The complaining witness had never seen the defendant before the robbery.

"2. The opportunity to observe the offense. This includes such factors as length of time of the observation, lighting, noise or other factor affecting sensory perception and proximity to the alleged criminal act."

The robber twice confronted and conversed with the witness, the second time facing him from a distance of two or three feet under indoor light.

"3. Length of time between the offense and the disputed identification."

The photographic identification took place at most six days after the crime. This preceded the parole violation hearing by a week. About three and a half months elapsed between the crime and the trial.

"4. Accuracy or discrepancies in the pre-lineup or showup description and defendant's actual description."

There is nothing in the record suggesting that Blackmer's descriptions of the robber did not accurately describe the defendant. At times Blackmer was uncertain about some details, such as the color of the robber's cap or whether his glasses

were tinted. The description given by complainant was a general one.

"He stated that he had just been robbed by a black male, approximately 6 feet tall. He said little bit taller than what he was. And I submitted it at about six feet, between 150–160. He was wearing a three-quarter length grey leather jacket; had on, I believe, a grey hat; a small thin mustache; was wearing wire-framed glasses, and they were slightly rose colored or tinted."

This description would fit thousands of young black males.

"5. Any previous proper identification or failure to identify the defendant."

Defendant viewed some 150 photographs on two occasions and was never positive until he saw defendant at the parole revocation hearing which was impermissive.

"6. Any identification prior to lineup or showup of another person as defendant."

None.

"7. [T]he nature of the alleged offense and the physical and psychological state of the victim."

Blackmer testified and the police witnesses confirmed that he was frightened and upset by the robbery. This must have impaired his perception of events.

"8. Any idiosyncratic or special features of defendant."

None.

The factors favoring the trial court's finding of an independent basis include favorable circumstances for witnessing the crime; the short time before the trial; the previous identification of defendant's photograph; the reasonable accuracy of the description given, so far as the record reveals; and the fact that Blackmer identified no one else as the robber. Factors tending to undercut the identification include Blackmer's excited state during the robbery; his failure to identify defendant's picture shortly after the robbery; his lack of previous knowledge of the defendant; his confused testimony; his testimony that if he had not seen defendant at the parole hearing he would not have been able to identify him. He later said he would have been able to identify defendant even if he had not seen him at the parole hearing.

The trial court's finding that the identification of the witness rested on an independent basis is clearly erroneous. There is no doubt in my mind that the showup at the parole hearing aided the complainant in positively identifying the defendant; and furthermore, if the complainant had not seen the defendant at this hearing, the complainant would not have identified the defendant as being the robber.

Defendant complains that prosecution questioning of his alibi witnesses to determine if defendant was employed at the time of the robbery was prejudicial error. These questions were improper. *People v Johnson,* 393 Mich 488, 496–497; 227 NW2d 523 (1975). The rationale for the questions —that they related to the credibility of the alibi witnesses—is dubious, and in any event, the probative value of the information as regards credibility is outweighed by the prejudice to the defendant, whose character was not in issue. *People v Hammond,* 394 Mich 627, 631; 232 NW2d 174 (1975).

The failure of defense counsel to object to these questions should not in this instance prevent defendant from raising them on appeal, because the questions brought forth answers which were so prejudicial that even if the objection had been raised, a curative instruction would not have overcome the error. In cases such as this one, the court on its own should correct the injustice. It is the duty of the prosecution to prosecute the guilty and protect the innocent. In this case the prosecution has innocently or knowingly not protected the innocent.

I would reverse and remand for a new trial.