## PEOPLE v HERNANDEZ-GARCIA

Docket No. 252516. Submitted May 4, 2005, at Detroit. Decided May 10, 2005, at 9:25 a.m. Leave to appeal sought.

Angel Hernandez-Garcia was convicted by a jury in the Kent Circuit Court, Dennis C. Kolenda, J., of unlawfully carrying a concealed weapon (CCW), MCL 750.227(2), and was sentenced to five months in jail. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err in refusing to follow *People v Coffey*, 153 Mich App 311 (1986), and instruct the jury that momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor is a defense to CCW. Such momentary or brief possession of a weapon is not a valid defense to CCW. The Court in *Coffey* impermissibly created a defense on a policy ground that is not included in the text of the CCW statute.

2. Although the trial court gave a preliminary jury instruction that momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor is a defense to CCW and a final jury instruction that such possession is not a defense to CCW, because the defendant requested the incorrect instruction, he caused any error resulting from its giving. Thus, any error resulting from the jury having been given contradictory instructions was nonconstitutional and harmless.

3. The trial court did not make a finding of fact or order the jury to find the defendant guilty when it responded to a question asked by the jury. The jury had asked whether a weapon must be visible from all angles in order to not be considered concealed, and the trial court had answered that a weapon need not be completely obscured and that minimal concealment, such as placing the weapon in one's waistband, may be sufficient. The answer was a correct statement of the law and did not deny the defendant a fair trial in spite of the fact that testimony at trial established that the defendant had a gun in his waistband when he was arrested.

Affirmed.

CRIMINAL LAW — CONCEALED WEAPONS — DEFENSES.

Momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor is not a valid defense to the unlawful carrying of a concealed weapon (MCL 750.227[2]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

*Thomas J. Mattern* for the defendant.

Before: O'CONNELL, P.J., and MARKEY and TALBOT, JJ.

PER CURIAM. Defendant was convicted by a jury of unlawfully carrying a concealed weapon (CCW), MCL 750.227(2), and was sentenced to five months in jail. He appeals by right. We affirm.

On appeal, defendant asserts that the trial court erred in refusing to follow this Court's decision in *People v Coffey*, 153 Mich App 311; 395 NW2d 250 (1986), and instruct the jury that "momentary or brief possession of a weapon, even concealed, resulting from the disarming of a wrongful possessor is a valid defense if the defendant had the intention of delivering the weapon to the police at the earliest possible time." During preliminary instructions, the trial court gave such an instruction at defendant's request, but during the final instructions, the trial court stated that it no longer believed that "momentary possession" constituted a valid defense to CCW because recent Supreme Court decisions had impliedly overruled *Coffey* and because the "momentary possession" defense is not supported by the text of MCL 750.227.

Claims of instructional error are subject to review de novo. *People v Heikkinen*, 250 Mich App 322, 327; 646 NW2d 190 (2002). A trial judge must instruct the jury

regarding the applicable law and fully and fairly present the case to the jury in an understandable manner. *People v Moore*, 189 Mich App 315, 319; 472 NW2d 1 (1991).

The instruction at issue in this case concerns MCL 750.227(2), which provides:

> A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

When enacting MCL 750.227, the Legislature intended CCW to constitute a general intent crime. *People v Marrow*, 210 Mich App 455, 462-463; 534 NW2d 153 (1995), aff'd 453 Mich 903 (1996), overruled in part on other grounds by *People v Pasha*, 466 Mich 378; 645 NW2d 275 (2002). Thus, the prosecution need only establish that an accused had the intent to do the act prohibited—that is, "to knowingly carry the weapon on one's person or in an automobile." *People v Combs*, 160 Mich App 666, 673; 408 NW2d 420 (1987).

In *Coffey, supra* at 314, after acknowledging that the offense does not require proof of specific intent, this Court noted that "[t]he purpose of the statute is to prevent a quarreling or criminal person from suddenly drawing a concealed weapon and using it without prior notice to a victim that he or she was armed." It then stated that two other jurisdictions with similar general intent weapons possession statutes, New York and the District of Columbia, recognize a limited innocent possession defense. *Id.* at 314-315. Partly on the basis of decisions in these two jurisdictions, this Court stated:

> *We think it consistent with the statute's purpose* to hold
> that momentary or brief possession of a weapon resulting
> from the disarming of a wrongful possessor is a valid
> defense against a charge of carrying a concealed weapon if
> the possessor had the intention of delivering the weapon to
> the police at the earliest possible time. [*Id.* at 315 (empha-
> sis added).]

In this case, the trial court correctly noted that since
*Coffey* was decided, our Supreme Court has repeatedly
expressed disapproval of such policy-based decisions.
When interpreting MCL 750.227 in *Pasha, supra* at
382, the Court stated:

> [I]t is well to begin by recalling the bedrock rule that the
> goal of judicial interpretation of a statute is to ascertain
> and give effect to the intent of the Legislature. The first
> step in that determination is to review the language of the
> statute itself. Thus, if the language is clear, no further
> construction is necessary or allowed to expand what the
> Legislature clearly intended to cover. [Citations and inter-
> nal punctuation omitted.]

In *Pasha,* the defendant, who had previously been
convicted of a felony, had a pistol concealed in the
waistband of his pants when police arrested him in the
home where he was living. *Id.* at 379-380. At a bench
trial, the court found the defendant guilty of violating
MCL 750.227. This Court affirmed that conviction on
the basis of its earlier decision in *Marrow* that "lawful
ownership of a pistol [is] a prerequisite to a valid claim
to an exception contained in the concealed weapons
statute . . . ." *Pasha, supra* at 379. After examining the
text of MCL 750.227, our Supreme Court reversed the
defendant's conviction and overruled *Marrow* to the
extent it required lawful ownership of a pistol as a
prerequisite to invoking the dwelling house exception.
*Pasha, supra* at 379, 382-383. The Court explained, *id.*
at 382-383:

In order to qualify for the dwelling house exception, the defendant must present evidence that the location where the concealed pistol was carried was defendant's dwelling house. No other condition, such as lawful ownership of the pistol, is statutorily required. To state this proposition is to expose the problem with *Marrow* in that *Marrow* effectively read a requirement of lawful ownership of the weapon into the dwelling house exception to the CCW statute. Such an addition of a requirement simply cannot be done by a court. If such a condition is to be added, it must be added by the Legislature. As that has not happened, this defendant has been convicted of a crime that does not apply to him, and his conviction is invalid.

In light of *Pasha*, this Court's decision in *Coffey* must be rejected. Just as *Marrow* denied defendants a defense based on policy grounds not included in the text of the statute, *Coffey* created a defense to CCW based on this Court's perception of the purpose behind the statute. *Pasha* makes it clear that courts may not do this. It is error for a court to mandate additional conditions for a defense expressly created by the Legislature. By this same logic, courts may not create defenses in addition to those included in the text of the statute. Although our Supreme Court has not explicitly overruled *Coffey*, we conclude that the trial court did not err in finding that *Coffey* no longer constitutes good law. Because *Coffey* is based on policy not found in the statute, "momentary possession" of a pistol after disarming another is not a valid defense to CCW. Consequently, defendant is not entitled to relief on the ground that the trial court refused to give an instruction consistent with *Coffey*.

Defendant further contends that the trial court's contradictory instructions confused the jury and denied him a fair trial. The court in fact gave an erroneous preliminary instruction regarding the "momentary possession" defense, but the error was of the unconstitu-

tional sort. See *People v Cornell*, 466 Mich 335, 363; 646 NW2d 127 (2002). Under MCL 769.26, preserved, nonconstitutional errors are presumed to be harmless, and the defendant bears the burden of showing that the error "resulted in a miscarriage of justice." *People v Lukity*, 460 Mich 484, 493-494; 596 NW2d 607 (1999). Reversal is only warranted when "it is more probable than not that the error was outcome determinative." *Id.* at 495-496. So, although the preliminary instruction constituted error, the trial court remedied its mistake during the final instructions by explicitly instructing the jury that "momentary possession" is not a defense to CCW.

But, when both a correct instruction and an incorrect instruction are given, this Court will presume that the jury followed the incorrect charge. *People v Hess,* 214 Mich App 33, 37; 543 NW2d 332 (1995). Therefore, we must presume that that the jury followed the incorrect preliminary instruction. Because defendant requested the incorrect instruction, he cannot show that the trial court's final correct instruction affected the outcome of his trial. Consequently, any error resulting from the trial court having given both instructions was harmless.

Finally, defendant argues that when attempting to resolve the confusion created by its instructions, the trial court provided an example that mirrored the facts in this case, effectively ordering the jury to find defendant guilty. We hold that the trial court's response to the jury's questions regarding the definition of "concealment" did not constitute a finding of fact or an order to the jury to find defendant guilty.

Concealment, under MCL 750.227(2), "occurs when the pistol is not discernible by the ordinary observation of persons casually observing the person carrying it." *People v Kincade,* 61 Mich App 498, 504; 233 NW2d 54

(1975). "Absolute invisibility of a weapon is not indispensable to concealment; the weapon need not be totally concealed." *Id.* at 502. Evidence that a defendant placed a revolver in his belt or waistband so that the weapon could not be readily seen has been found sufficient to uphold a CCW conviction. *Id.* at 503, citing *People v Jackson*, 43 Mich App 569; 204 NW2d 367 (1972).

In this case, the jury asked whether a weapon must be visible from all angles in order to not be considered concealed. The trial court replied that a weapon need not be completely obscured and that minimal concealment, such as placing the weapon in one's waistband, may be sufficient. Although testimony at trial established that defendant had a gun in his waistband when arrested, the trial court's instruction constituted a correct statement of the law based on *Kincade* and did not deny defendant a fair trial.

We affirm.