# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CORTEZ LAMON MACK,

        Defendant-Appellant.

UNPUBLISHED
August 3, 2017

No. 332079
Wayne Circuit Court
LC No. 15-009127-01-FH

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Following a bench trial, the court convicted defendant of carrying a concealed weapon (CCW), MCL 750.227. Defendant challenges the sufficiency of the evidence supporting his conviction as part of his handgun was visible, and contends that the CCW statute is unconstitutionally vague as applied to his behavior. We affirm.

## I. BACKGROUND

Defendant was walking down a residential street in Detroit on the afternoon of October 19, 2015, with a handgun in a holster that was fixed inside the waistband of his pants. A police officer on routine patrol observed the handgun, but noted that only the handle and a portion of the weapon's slide were visible. Although the weapon was registered, defendant had allowed his concealed pistol license (CPL) to expire more than four months earlier. He had sought to renew the CPL three days before he was stopped, but had yet to receive the renewed license by mail. Nonetheless defendant chose to carry his sidearm. Defendant claimed that he was legally openly carrying the weapon, not concealing it. The trial court expressed sympathy with defendant's plight and imposed only fines and costs, but convicted him as charged.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant insists that there was insufficient evidence to support his CCW conviction because the weapon was not concealed. When faced with such challenges, we must review the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013).

The concealed weapon statute, MCL 750.227, provides, in relevant part:

-1-

(2) A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

This Court has consistently held that concealment within the CCW statute does not require complete invisibility. In *People v Jones*, 12 Mich App 293, 296-297; 162 NW2d 847 (1968), a police officer placing the defendant under arrest noticed what appeared to be the butt of a pistol poking out of the defendant's pocket. On appeal, the defendant challenged his CCW conviction because part of the pistol was visible and therefore not "concealed." This Court concluded:

> "The purpose of *all* concealment statutes is clear. At the time they were enacted, the open carrying of weapons upon the person[] was not prohibited. The purpose of the concealed weapons statutes was to prevent men in sudden quarrel[s] or in the commission of crime from drawing concealed weapons and using them without prior notice to their victims that they were armed. The person assailed or attacked would behave one way if he knew his assailant was armed and perhaps another way if he could safely presume that he was unarmed." *People v Raso*, 9 Misc 2d 739; 170 NYS2d 245, 251 (1958).

> The evident statutory purpose is reflected in the general rule applied in other jurisdictions that absolute invisibility is not indispensable to concealment of a weapon on or about the person of a defendant, and that a weapon is concealed when it is not discernible by the ordinary observation of persons coming in contact with the person carrying it, casually observing him, as people do in the ordinary and usual associations of life.

> *   *   *

> The issue of concealment depends upon the particular circumstances present in each case and whether the weapon was concealed from ordinary observation is a question for the trier of fact to determine. The arresting officer's testimony was competent evidence to support a finding by the trier of fact that the defendant carried a concealed weapon on his person. [*Id*. at 295-297 (citations omitted; emphasis in original).]

Following *Jones*, this Court considered the definition of "conceal" in the CCW statute quite frequently. In *People v Stirewalt*, 16 Mich App 343, 345; 167 NW2d 779 (1969), this Court affirmed that the defendant's gun was concealed where it was in his pocket and could not be seen by anyone until ordered to turn around by a police officer. Similarly, in *People v Clark*, 21 Mich App 712, 714-715; 176 NW2d 427 (1970), this Court held that a pistol was concealed where it was in the defendant's pocket and the police officer could only see it when the pocket opened and the officer looked inside. And in *People v Iacopelli*, 30 Mich App 105, 106-107; 186 NW2d 38 (1971), the police saw the defendant with a gun in plain sight before he placed it

in his coat pocket. The defendant maintained that the gun could not be "concealed" but it was initially visible to the officers. This Court disagreed. *Id*. See also *People v Johnson*, 30 Mich App 262, 263; 186 NW2d 24 (1971) (affirming a CCW conviction based on testimony that "the defendant put the weapon in his pocket").

In *People v Jackson*, 43 Mich App 569, 570-571; 204 NW2d 367 (1972), the defendant claimed that a revolver placed in the belt of his pants was not concealed, but was open to view. This Court observed that "[a] weapon is not . . . required to be absolutely hidden to be 'concealed', but rather merely not readily observable by persons in the ordinary and usual associations of life." In affirming defendant's conviction, this Court recounted the testimony of a police officer that he "couldn't see [the revolver] plain" at some point. *Id*. at 571. Similarly, in *People v Charron*, 54 Mich App 26, 30; 220 NW2d 216 (1974), this Court reasoned:

> The fact that the weapon is in plain view at one point in time does not negate, as a matter of law, the finding that under any particular set of circumstances there was the necessary concealment. Even though the blade of the knife was visible to the officers when defendant was in the act of sitting down or standing up, there was a question of fact whether there was concealment within the meaning of the statute.

In *People v Kincade*, 61 Mich App 498, 502-503; 233 NW2d 54 (1975), the police encountered the defendant running out of a building and observed a dark object clenched in his hand, which proved to be a .38 revolver. This Court quoted approvingly from the above cases and observed, "In all of these cases, a weapon has been found at least partially covered by the defendant's clothing." *Id*. at 503. This Court did not discount the possibility that a case could be presented where a defendant using only his hands could conceal a firearm. However, we reversed the defendant's conviction, holding that the poor lighting that obscured the object was not a factor that could establish defendant's concealment. *Id*. at 504-505.

In *People v Espinosa*, 142 Mich App 99, 106; 369 NW2d 265 (1985), this Court affirmed the defendant's CCW conviction based on testimony that during a fight an object fell out of the defendant's pants, the defendant's sister-in-law picked the object up and ran into a bedroom, and the defendant followed her, emerging shortly thereafter with a gun. *Id*. at 102-103.

More recently, in *People v Hernandez-Garcia*, 266 Mich App 416, 421-422; 701 NW2d 191 (2005), aff'd in part and vacated in part on other grounds 477 Mich 1039 (2007), this Court adhered to its earlier formulation in *Jones*:

> Concealment, under MCL 750.227(2), "occurs when the pistol is not discernible by the ordinary observation of persons casually observing the person carrying it." "Absolute invisibility of a weapon is not indispensable to concealment; the weapon need not be totally concealed." Evidence that a defendant placed a revolver in his belt or waistband so that the weapon could not be readily seen has been found sufficient to uphold a CCW conviction. [Citations omitted.]

Defendant acknowledges the *Kincade* and *Jackson* decisions but fails to cite or discuss the other decisions discussed above. He contends that *Kincade* and *Jackson* arose before 1990 and therefore are not binding on this Court. MCR 7.215(J)(1). The court rule does not require

this Court to automatically reject its well-developed and heretofore universally accepted interpretation of statutory language. We are free to follow the reasoning of pre-1990 cases if we agree with the reasoning. See, e.g., *People v Parish*, 282 Mich App 106, 108; 761 NW2d 441 (2009). And defendant has presented no post-1990 case standing for the proposition that a partially visible handgun cannot be "concealed" within the meaning of the CCW statute.

In support of his argument, defendant also cites dictionary definitions of the word "concealed" found in other, unrelated decisions of this Court. See *People v Owen*, 251 Mich App 76, 80-81; 649 NW2d 777 (2002) (defining "concealed" under a statute forbidding concealment or storage of a stolen weapon for purposes of determining whether the crime was a "continuing offense"); *People v Crippen*, 242 Mich App 278, 282-284; 617 NW2d 760 (2000) (defining "concealment" under the theory of third-degree criminal sexual conduct established by using "concealment or surprise to overcome the victim"); *People v Crousore*, 159 Mich App 304, 309, 312; 406 NW2d 280 (1987) (defining "conceal" under a statute forbidding the harboring and concealing of a fugitive). None of these decisions involved a charge under the CCW statute and none referenced the definition of "conceal" under the CCW statute or relied upon jurisprudence interpreting the term in the CCW context. They are therefore not relevant to our analysis.

Ultimately, longstanding and well-developed caselaw defining concealment under the CCW statute supports defendant's conviction. Defendant placed the pistol in a holster and placed the holster inside the waistband of his pants. Only a portion of the pistol was visible above defendant's waistband. " 'Absolute invisibility of a weapon is not indispensable to concealment; the weapon need not be totally concealed.' " *Hernandez-Garcia*, 266 Mich App at 422, quoting *Kincade*, 61 Mich App at 502. Having the butt of a gun sticking out of a pocket, or inserting a gun into a belt or waistband so that it is partially obscured, is sufficient concealment to support a CCW conviction. *Jones*, 12 Mich App at 296-297; *Jackson*, 43 Mich App at 570-571; *Hernandez-Garcia*, 266 Mich App at 421-422. While "[c]oncealment, under MCL 750.227(2), 'occurs when the pistol is not readily discernible by the ordinary observation of persons casually observing the person carrying it,'" *Kincade*, 61 Mich App at 504, the person who observed and immediately recognized that defendant was carrying a weapon was not a casual observer, but a police officer trained with respect to firearms. The officer was not "casually observing" defendant, but was patrolling the streets for criminal activity and critically observing all persons he encountered. Viewing the evidence in the light most favorable to the prosecution, we discern no error in the trial court's judgment.

## II. CONSTITUTIONALITY OF THE CCW STATUTE

Defendant further asserts that the CCW statute is unconstitutionally vague as applied because it was impossible for defendant to know that his weapon was concealed. "This Court reviews de novo a trial court's determination regarding the constitutionality of a statute." *People v Rogers*, 249 Mich App 77, 94; 641 NW2d 595 (2001). "A criminal statute must provide fair warning of the conduct it prohibits, and may not vest law enforcement officials and juries with unbridled discretion to determine the conduct that is prohibited." *People v Lino*, 447 Mich 567, 591; 527 NW2d 434 (1994). To be deemed unconstitutionally vague, the statute's coverage also must be "overbroad and impinge[] on First Amendment Freedoms." *People v Newton*, 257 Mich App 61, 66; 665 NW2d 504 (2003).

Defendant does not claim that the CCW statute implicates First Amendment freedoms; instead, he argues that the statute fails to provide fair notice of the proscribed conduct and confers unlimited and unstructured discretion on law enforcement. As such, we must examine the statute's constitutionality "in light of the particular facts at hand without concern for the hypothetical rights of others. The proper inquiry is not whether the statute may be susceptible to impermissible interpretations, but whether the statue is vague as applied to the conduct allegedly proscribed in this case." *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998) (citations omitted). "The Constitution requires no more" than language that "conveys sufficiently definite warning as to the prescribed conduct when measured by common understanding and practices." *United States v Petrillo*, 332 US 1, 7-8; 67 S Ct 1538; 91 L Ed 2d 1877 (1947).

Statues are presumed constitutional, "and this Court must construe a statute as constitutional unless its unconstitutionality is clearly apparent." *People v Harris*, 495 Mich 120, 133; 845 NW2d 477 (2014). A statute's apparent vagueness can be "cured" by reference to prior judicial interpretations. See *People v Sands*, 261 Mich App 158, 161; 680 NW2d 500 (2004) (emphasis added) ("For a statute to be sufficiently definite, its meaning must be fairly ascertainable *by reference to judicial interpretations*, the common law, dictionaries, treatises, or the commonly accepted meanings of words."). See also *People v Vandenberg*, 307 Mich App 57, 62; 859 NW2d 229 (2014) (emphasis added) ("To ascertain whether a statute is unconstitutionally vague or overbroad, we consider the entire text of the statute and *any related judicial constructions*."); *Kolender v Lawson*, 461 US 352, 355; 103 S Ct 1855; 75 L Ed 2d 903 (1983) ("In evaluating a facial challenge to a state law, a federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered."). "Generally, a criminal defendant may not defend on the basis that the charging statute is unconstitutionally vague or overbroad where the defendant's conduct is fairly within the constitutional scope of the statute." *Rogers*, 249 Mich App at 95.

As explained above, there is an extensive history of judicial interpretation of the term "concealed" in the CCW statute. These interpretations all conclude that "concealment" does not require complete invisibility and that a firearm can be partially exposed and still qualify as "concealed." Defendants are presumed to know the law. *Adams Outdoor Advertising v East Lansing (After Remand)*, 463 Mich 17, 27 n 7; 770 NW2d 421 (2009). Defendants have been convicted of CCW for carrying weapons partially exposed and tucked in their waistbands, belts, or pockets. Consideration of the CCW statute in light of this caselaw demonstrates that as applied to defendant's conduct, the CCW statute is not unconstitutionally vague.

Defendant does not explain how the police exercised "unlimited or unstructured discretion" in this case. Instead, the police appear to have behaved in a measured and appropriate manner. When they observed a man carrying a partially concealed handgun, they stopped to investigate. Defendant was briefly detained while the police determined whether he was authorized to carry the handgun. Only when the police learned that defendant did not have a current CPL did they place him under arrest. This behavior does not suggest the exercise of "unlimited or unstructured discretion."

Ultimately, defendant has not established that the CCW statute was unconstitutionally vague as applied to him as the caselaw more than adequately informed him that his conduct was

illegal. Moreover, defendant essentially admitted that he tried to conceal the weapon because he did not wish to frighten any children he might encounter. A defendant's misguided, but nonetheless "good" intentions do not protect him from criminal liability.

We affirm.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien