PEOPLE v REESE

Docket No. 82890. Submitted November 18, 1985, at Detroit.—Decided February 4, 1986. Leave to appeal applied for.

Esom T. Reese was charged with first-degree criminal sexual conduct and was bound over upon the sole testimony of the victim. It was later established that the victim's recollection had been induced by hypnosis. Defendant moved to quash the information and the Recorder's Court of Detroit, George W. Crockett, III, J., ordered the information quashed. The people appealed. *Held:*

Any testimony by a witness whose memory has been refreshed by hypnosis denies a defendant the right to cross-examine the witness adequately and must be excluded in criminal cases. This is true where memory has been refreshed by therapeutic hypnosis as well as by forensic hypnosis.

Affirmed.

1. CRIMINAL LAW — WITNESSES — HYPNOSIS — CROSS-EXAMINATION.

Any testimony by a witness whose memory has been refreshed by hypnosis denies a defendant the right to cross-examine the witness adequately and must be excluded in criminal cases.

2. CRIMINAL LAW — SCIENTIFIC EVIDENCE — HYPNOSIS.

The admission of scientific evidence is limited to results of techniques which have gained general acceptance in their particular fields; hypnotic enhancement of memory has not gained sufficient scientific recognition of reliability to allow admission of the posthypnotic recollections of witnesses.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Evidence §§ 831.

Admissibility of hypnotic evidence at criminal trial. 92 ALR3d 442.

*Mark J. Kriger,* for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. E. DODGE,* JJ.

PER CURIAM. Defendant was charged with one count of first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1). He successfully moved to have the complaining witness's hypnotically induced testimony suppressed and the information quashed. The people appeal as of right. We affirm.

On June 29, 1984, complaining witness Janice Cybulski was the sole witness to testify at the preliminary examination. She related that, about 6:30 p.m., after work on May 14, 1983, she stopped to have a drink at the security office with defendant and the security guard. The guard left to make his rounds, and defendant told Cybulski that he would like to get something going now and suggested they go out somewhere. Upon her refusal, a struggle occurred and the next thing Cybulski remembered was being choked by defendant's penis. Cybulski remembered a few other events but also testified that at times she was unconscious. Defendant called her parents, who came and got her about 10:30 p.m.

Defendant was bound over for trial and subsequently discovered that Cybulski's ability to recall the alleged sexual assault was the result of hypnosis. Defendant brought a motion to quash the information, pursuant to which an evidentiary hearing was held on November 8, 1984.

At the hearing, Dr. William Wolfson testified that Cybulski had been referred to him in May, 1983, and beginning on May 19, 1983, he held weekly sessions with her for the purpose of restor-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing three hours of lost memory from the night of May 14. At first, Cybulski recalled being physically assaulted on that night, but she had no recollection of any sexual activity occurring. Many of the sessions involved hypnosis of Cybulski. On March 6, 1984, she recalled that defendant had forced her to perform fellatio. She told Dr. Wolfson that she had had a repetitive dream in which she felt something cold up against her face, like a zipper, and then she thought she could feel defendant in her mouth and she bit him.

Cybulski testified that she went to work on Monday, May 16, 1983, but could not get any work done and could not stop crying, so she called a nurse. She was sent to the Robinwood Clinic, where she was told to go to a hospital and the police and to call an attorney. It was at the clinic that she saw Dr. Wolfson. Cybulski did go to the sex crimes unit at police headquarters in May, 1983, but no report was taken because she did not remember having any physical contact with defendant. After the incident, individuals at work called her and relayed rumors about defendant to her. In December, 1983, recollection of a sexual assault began to come to her, and she discussed the possibility with her sister. By March, 1984, everything had come back to her.

It should be clear that there was no evidence offered at the preliminary examination substantiating a sexual assault by defendant upon Cybulski apart from Cybulski's testimony concerning facts she could remember only after undergoing hypnosis. Thus, if Cybulski's preliminary examination testimony is inadmissible, because hypnotically induced, there is no proper evidence of record to support a finding of probable cause that defendant committed the offense complained of.

In *People v Gonzales,* 415 Mich 615, 626-627; 329

NW2d 743 (1982), *modified* 417 Mich 968; 336 NW2d 751 (1983), our Supreme Court concluded:

"The process of hypnosis is not a reliable means of accurately restoring forgotten incidents or repressed memory, and to permit posthypnotic testimony would unfairly denigrate the defendant's right to cross-examination. Therefore, we hold that until hypnosis gains general acceptance in the fields of medicine and psychiatry as a method by which memories are accurately improved without undue danger of distortion, delusion, or fantasy, and until the barriers which hypnosis raises to effective cross-examination are somehow overcome, the testimony of witnesses which has been tainted by hypnosis must be excluded in criminal cases."

On this appeal, the people argue that the *Gonzales* holding should be limited to "forensic hypnosis" and not applied to the instant case involving "therapeutic hypnosis". We disagree, as we find the language of *Gonzales* clearly applicable to the instant case. While the dangers of suggestion may be dramatically reduced in nondirective therapeutic hypnosis in comparison to investigative hypnosis used by police, there still remain the dangers that the subject may not have accurate recall and neither the subject nor the hypnotists can distinguish between the truth and confabulation. See *Gonzales, supra,* pp 622-624. The fact that therapeutic hypnosis is largely nonsuggestive may support a conclusion that prehypnotic testimony has not been tainted by the hypnosis. See *People v Nixon,* 421 Mich 79; 364 NW2d 593 (1984). However, in the instant case, there is no prehypnotic testimony that would support charges of criminal sexual conduct. Cybulski's testimony of a sexual assault, induced as it was by hypnosis, must be excluded and the information quashed.

Affirmed.