PEOPLE v HARDIMAN

Docket No. 84173. Submitted February 12, 1986, at Detroit. Decided April 21, 1986.

Maurice Hardiman was stopped by Detroit police officers while driving a car which had the headlights and taillights flashing on and off. The officers suspected that the car might be stolen. After being stopped, Hardiman produced a suspended driver's license and revealed that he had no registration for the vehicle. He was placed under arrest for driving without a license and subjected to a pat-down search, which produced nothing. A subsequent search of the interior of the vehicle revealed a gun in the glove compartment. Hardiman was then searched more thoroughly, and ammunition for the gun was found in one of his pockets. Following a preliminary examination, Hardiman was bound over for trial in the Recorder's Court of Detroit for the offense of carrying a concealed weapon in a motor vehicle. Defendant moved for an evidentiary hearing and to suppress evidence of the gun and ammunition. The court, Richard C. Kaufman, J., granted the motion to suppress the evidence on the basis that the searches and seizures violated the interim bail act. The people appealed. *Held:*

The trial court erred in granting defendant's motion to suppress the evidence. The interim bail act does not preclude a police officer from searching an arrestee and his vehicle following a lawful custodial arrest for a minor traffic offense. A police officer has every right to insure that the individual he has arrested does not possess any instrument which could be used as a weapon to harm the officer or effectuate an escape.

Reversed and remanded for reinstatement of the charges.

1. EVIDENCE — SUPPRESSION OF EVIDENCE — APPEAL.
    The Court of Appeals will reverse a trial court's ruling on a

REFERENCES

Am Jur 2d, Appeal and Error § 166.

Am Jur 2d, Searches and Seizures §§ 37-39, 92.

Lawfulness of warrantless search of purse or wallet of person arrested or suspected of crime. 29 ALR4th 771.

See the annotations in the ALR3d/4th Quick Index under Exclusion or Suppression of Evidence.

motion to suppress evidence only if the ruling was clearly erroneous; a ruling is clearly erroneous where the reviewing court is firmly convinced that a mistake has been made.

2. SEARCHES AND SEIZURES — SEARCH INCIDENT TO ARREST — CUSTO-
    DIAL ARREST — INTERIM BAIL STATUTE — WEAPONS.

The interim bail statute does not circumvent the right of a police officer to guarantee his own safety by restricting his right to search an individual who is under full custodial arrest for a minor traffic offense; a police officer has every right to insure that the individual he has arrested does not possess any instrument which could be used as a weapon to harm the officer or effectuate an escape (MCL 780.581; MSA 28.872[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak,* Principal Attorney, Appeals, for the people.

*Legal Aid & Defender Association of Detroit* (by *David Cripps*), for defendant.

Before: MACKENZIE, P.J., and CYNAR and G. T. MARTIN,* JJ.

G. T. MARTIN, J. The Wayne County Prosecutor appeals as of right from an order suppressing a .38 caliber gun and three live rounds of ammunition. The ammunition was seized from defendant and the gun was seized from the glove compartment of defendant's vehicle following defendant's arrest on a misdemeanor charge of driving without a license, MCL 257.904a; MSA 9.2604(1). The suppression order resulted in the dismissal of a charge of carrying a concealed weapon in a motor vehicle, MCL 750.227; MSA 28.424. The only issue raised on appeal is whether the trial court properly suppressed the evidence on the basis that the

* Former circuit judge, sitting on the Court of Appeals by assignment.

searches and seizures violated the interim bail act. We find that the searches and seizures were proper and are left with a definite and firm conviction that the trial court erred in granting defendant's motion to suppress.

At the evidentiary hearing below, Detroit Police Officers Dale Mathes and Thomas Martin testified that they were on vehicular patrol when they observed defendant driving on Woodward Avenue in a vehicle, the headlights and taillights of which were flashing on and off. Believing that the car might be stolen, the officers signalled defendant to pull over to the curb. Defendant did not pull over for about four minutes, during which time the officers observed defendant reach toward the glove box in an apparent attempt to hide or retrieve something. The officers were suspicious, in part because they were patrolling an area known for a prevalence of armed robberies of homosexuals. After defendant pulled over, he produced a suspended driver's license and revealed that he had no registration. Officer Martin removed defendant from the vehicle, placed him under arrest for driving without a license, and performed a fruitless pat-down search. Then, Officer Martin proceeded to search the interior of defendant's car and found the gun in the glove compartment. Following this search, Officer Mathes searched defendant more thoroughly and found the ammunition in defendant's left front pocket.

At the end of the hearing, the court denied defendant's motion and ruled that the search of defendant's vehicle was a valid search incident to defendant's arrest. However, the court reversed itself at a hearing on defendant's motion for reconsideration. In support, the court stated that under the interim bail act, MCL 780.581; MSA 28.872(1), the officer should not have conducted more than a

pat-down search of defendant before defendant was given an opportunity to, or advised of his rights to, post bail. Thus, the court concluded that the search of the vehicle was illegal and granted the rehearing and the motion to suppress.

This Court will reverse a trial court's ruling on a motion to suppress evidence only if the ruling was clearly erroneous. A ruling is clearly erroneous where the reviewing court is firmly convinced that a mistake has been made. *People v Alfafara,* 140 Mich App 551, 555-556; 364 NW2d 743 (1985); *People v Jackson,* 123 Mich App 423, 425; 332 NW2d 564 (1983), lv den 417 Mich 1100.35 (1983). In this case, we conclude that the order of suppression was clearly erroneous.

In suppressing the evidence, the trial court held that it was seized in violation of the interim bail act, *supra.* Essentially, this act provides that a person arrested for a misdemeanor shall be taken without unreasonable delay before the most convenient magistrate to answer the complaint made against him. If a magistrate is not available or an immediate trial may not be had, the arrestee may leave an appearance bond with the arresting officer or his direct supervisor. MCL 780.581; MSA 28.872(1). In construing this act, the Michigan Supreme Court in *People v Dixon,* 392 Mich 691, 703, 705-706; 222 NW2d 749 (1974), held that evidence seized in a jailhouse inventory search must be suppressed because the search was conducted even though defendant had not been previously informed of his statutory right to immediate bail.

Subsequently, in *People v Garcia,* 81 Mich App 260; 265 NW2d 115 (1978) (Judge GILLIS dissenting), this Court, relying on *Dixon,* reversed the defendant's convictions of possession of cocaine and carrying a concealed weapon in an automo-

bile. The defendant had been stopped for a minor traffic violation and was arrested for operating his vehicle without a valid driver's license. The police officer conducted a pat-down search for weapons and found a tinfoil packet of cocaine. This led to more thorough search of defendant's pockets, which yielded a second packet of cocaine. Finally, after three searches of defendant's vehicle, the police discovered and seized a gun. This Court found that the searches, although precipitated by a valid traffic arrest, were unreasonable under the interim bail act. The majority concluded that the legislative policy embodied in the interim bail statute constituted a justification for the imposition of higher standards than those required under federal law. The Court reasoned that, given the information possessed by the officer at the time of the search, the intrusion into defendant's inner pockets could not be justified as either a protective search for weapons or as an effort to uncover evidence of a traffic offense. The majority rejected arguments that *Dixon* should be limited to stationhouse inventory searches and further held that arresting officers, following a fruitless pat-down search for weapons, are obliged to advise a minor traffic offender of his rights under the act before they may conduct any further searches. *Garcia,* 81 Mich App 272-273. Any evidence obtained in violation of this rule must accordingly be suppressed. See also *People v Cavitt,* 86 Mich App 59; 272 NW2d 196 (1978).

Recently, in *People v Ragland,* 149 Mich App 277; 385 NW2d 772 (1986), a case involving almost identical facts as those presented here, this Court rejected the argument that *Dixon* applies to the situation where a police officer searches an arrestee and his vehicle following a lawful custodial arrest for a minor traffic offense. In so doing, the

Court, citing with approval Judge GILLIS's well-reasoned dissent in *Garcia,* implicitly found that a search incident to an arrest would not interfere with the legislative policy underlying the interim bail statute. Indeed, in his *Garcia* dissent, Judge GILLIS explained as follows:

> The majority concludes that the State of Michigan via the interim bail statute, MCLA 780.581; MSA 28.872(1), has imposed greater restrictions on police activity than those deemed constitutionally necessary by the United States Supreme Court. The majority bases its opinion on the premise that the interim bail statute restricts a police officer to a "Terry-type" pat-down search after effectuating a full custodial arrest of an individual who is charged with a traffic violation.
>
> The legislative policy underlying the interim bail statute is to avoid the "unwarranted and unnecessary inconvenience, embarrassment and risk attendant incarceration for a minor traffic offense". *People v Dixon,* 392 Mich 691, 705-706; 222 NW2d 749 (1974). It does not circumvent the right of a police officer to guarantee his own safety by restricting his right to search an individual who is under full custodial arrest.
>
> A police officer has every right to insure that the individual he has arrested does not possess any instrument which could be used as a weapon to harm the officer or effectuate an escape. [81 Mich App 275-276.]

We find the reasoning employed by *Ragland* and by Judge GILLIS in *Garcia* to be persuasive and adopt it as the basis for our conclusion that the instant searches were reasonable and did not violate the interim bail act. Upon our review of the record, we are left with a definite and firm conviction that the trial court made a mistake in granting defendant's motion to suppress the evidence,

*People v Burrell,* 417 Mich 439, 449; 339 NW2d 403 (1983), and, therefore, must reverse its ruling and remand for reinstatement of the charges.

Reversed and remanded.