### PEOPLE v COMBS

Docket No. 88394. Submitted February 12, 1987, at Lansing. Decided
April 13, 1987. Leave to appeal denied, 428 Mich —.

Lane E. Combs was observed in an emergency vehicle turnaround
of an expressway by state police officers. The officers informed
Combs that they were going to issue him a citation for using
the turnaround. A LEIN check, however, revealed that Combs'
driver's license had expired and that there was a warrant with
a $50 bond on a misdemeanor charge outstanding against
Combs. Combs was informed that there was a warrant for his
arrest. The officer began a pat-down search when he discovered
a firearm in Combs' waistband. Combs was charged with and
convicted of carrying a concealed weapon, following a jury trial
in Oakland Circuit Court, Steven N. Andrews, J. Defendant
appealed, claiming that the seized weapon should have been
suppressed as evidence because the officer, prior to the pat-
down search, failed to inform him of his right to post interim
bond on the outstanding misdemeanor charge and that the trial
court should have required the prosecution to prove that defen-
dant knew he did not have a valid license to carry the weapon.

The Court of Appeals *held:*

1. The officer had no obligation to inform defendant of his
right to post interim bond prior to conducting the pat-down
search incident to the lawful custodial arrest of defendant on
the outstanding warrant. Accordingly, defendant had no valid
basis on which to insist that the admission of the weapon into
evidence be suppressed.

2. The prosecution was not required to prove that defendant
does not have a valid license to carry a weapon nor was it

REFERENCES

Am Jur 2d, Searches and Seizures § 37 *et seq.*

Am Jur 2d, Weapons and Firearms § 8 *et seq.*

Who is entitled to permit to carry concealed weapons. 51 ALR3d
504.

Lawfulness of search of motor vehicle following arrest for traffic
violation. 10 ALR3d 314.

Offense of carrying concealed weapon as affected by manner of
carrying or place of concealment. 43 ALR2d 492.

required to prove that the defendant knew that he did not have a valid license to carry the weapon.

Affirmed.

1. SEARCHES AND SEIZURES — SEARCH INCIDENT TO ARREST — CUSTODIAL ARREST — INTERIM BAIL STATUTE — SUPPRESSION OF EVIDENCE.

The interim bond statute does not prevent a police officer from conducting a search incident to a lawful custodial arrest for a misdemeanor before advising the defendant of his right to post immediate interim bail or before giving the defendant the opportunity to post such bail; a weapon found during such a search is not the fruit of an unlawful search which must be suppressed as evidence in any subsequent trial (MCL 780.581; MSA 28.872[1]).

2. WEAPONS — CRIMINAL LAW — CONCEALED WEAPONS — CRIMINAL INTENT.

Carrying a concealed weapon is a general intent crime; the only intent necessary is an intent to do the prohibited act, that is to knowingly carry a weapon on one's person or in an automobile (MCL 750.227; MSA 28.424).

3. WEAPONS — CRIMINAL LAW — CONCEALED WEAPONS — LICENSES.

A person licensed to carry a concealed weapon is exempted from criminal liability under the carrying a concealed weapon statute; however, proof of the absence of a license is not an element of the crime which the prosecution must prove (MCL 750.227; MSA 28.424).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Robert M. Lustig,* for defendant.

Before: HOOD, P.J., and MACKENZIE and R. M. PAJTAS,* JJ.

PER CURIAM. Following a bench trial, defendant was convicted of carrying a concealed weapon in a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

vehicle, MCL 750.227; MSA 28.424. He was sentenced to pay a $500 fine and $500 in costs or serve six months in the Oakland County jail. Defendant appeals his conviction, alleging first that the weapon which served as the basis for his conviction was acquired by the police during a search and seizure conducted in violation of his right to post interim bond and, secondly, that the trial court erred by not requiring the prosecutor to prove that defendant knew he did not have a valid license to carry the weapon. We find both arguments to be without merit and accordingly affirm.

On June 22, 1984, at approximately 10:45 P.M., Michigan State Police Officers Randall Schnotala and Herta Hopton were patrolling I-696 when they observed a 1984 Corvette parked in a median area designated as a turnaround for emergency vehicles. After Officer Schnotala approached defendant and advised him that he was going to issue him a citation for improper use of a freeway turnaround, the officer returned to the patrol car to write the citation and to run a LEIN check on defendant and the Corvette. The LEIN check revealed that defendant's driver's license had expired and that there was a bench warrant with bond set at $50 for defendant's arrest on a misdemeanor charge of having illegally stored a junk vehicle.

Upon approaching defendant again, Officer Schnotala found him "pacing back and forth next to his Corvette" and appearing "very agitated." The officer advised defendant that there was a warrant for his arrest and began to conduct a patdown search of defendant. Schnotala testified that, as he reached forward to pat down defendant, he observed a bulge in defendant's waistband and felt what appeared to be a weapon. He removed a loaded .44 caliber revolver from defendant's waistband. Officer Schnotala said that he fully intended

to afford defendant the opportunity to post bond on the misdemeanor at the scene, but not until after defendant had been placed in custody.

Defendant first contends that under interim bond provisions of the release of misdemeanor prisoners act, MCL 780.581 *et seq.;* MSA 28.872(1) *et seq.,* as amended, Officer Schnotala was required to inform defendant of his right to post bond on the outstanding misdemeanor warrant before conducting a pat-down search for weapons. According to defendant, the fruits of the pat-down search must be suppressed because he was not given the opportunity to post bond and go on his way before the officer searched him.

Section 2 of the act, MCL 750.582; MSA 28.872(2), provides that, when any person is arrested with a warrant for a misdemeanor, the interim bond statute shall apply. At the time of defendant's arrest, the interim bond statute, MCL 750.581; MSA 28.872(1), as amended, provided in relevant part:

(1) If any person is arrested without a warrant for a misdemeanor or a violation of a city, village, or township ordinance, which misdemeanor or violation is punishable by imprisonment for not more than 1 year, or by a fine, or both, the officer making the arrest shall take, without unnecessary delay, the person arrested before the most convenient magistrate of the county in which the offense was committed to answer to the complaint.

(2) If a magistrate is not available or immediate trial cannot be had, the person arrested may leave with the arresting officer or the direct supervisor of the arresting officer or department, or with the sheriff or a deputy in charge of the county jail if the person arrested is lodged in the county jail, as a bond to guarantee his or her appearance, a sum of money, as determined by whoever accepts the bond, not to exceed the amount of the maximum

possible fine but not less than 20% of the amount of the minimum possible fine that may be imposed for the offense for which the person was arrested. The person shall be given a receipt as provided in section 3.

That portion of the above-quoted statute providing that bond may be posted with the arresting officer became effective March 29, 1984. 1983 PA 61, § 1.

Defendant asserts that suppression of his weapon was mandated by *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974), and its progeny. In *Dixon,* the defendant was arrested for a traffic offense and was searched at the scene for a weapon. Nothing else was found. After processing at the station house, an inventory search of the defendant was undertaken while he was detained. That search turned up a small packet containing heroin. Dixon was later convicted of unlawful possession of a narcotic drug. The Supreme Court in *Dixon* ruled that under MCL 780.581; MSA 28.872(1) (prior to the 1983 amendment) the arresting officer was under a duty to inform a person who has been processed following arrest and is about to be jailed on a misdemeanor charge of the right to post interim bond and that "[a]ny evidence gained in derogation of this statutory right [was] to be suppressed." 392 Mich 705. "[N]o other remedy" said the *Dixon* Court, "is as likely to assure its full enforcement in the protection of the citizenry at large from unwarranted and unnecessary inconvenience, embarrassment and risk attendant incarceration for a minor offense." *Id.,* pp 705-706. Following *Dixon,* several panels of this Court upheld suppression of evidence from searches incident to an arrest for a traffic offense where the defendant was not informed of his right to post interim bail. See *People v Cavitt,* 86 Mich App 59;

272 NW2d 196 (1978); *People v Siegel,* 95 Mich App 594, 606; 291 NW2d 134 (1980), lv den 414 Mich 900 (1982); *People v Garcia,* 81 Mich App 260; 265 NW2d 115 (1978) (GILLIS, J, dissenting).

Recently, however, in *People v Chapman,* 425 Mich 245; 387 NW2d 835 (1986), our Supreme Court preempted the expansion of *Dixon* to searches incident to lawful custodial arrest. In *Chapman,* as here, the defendant was stopped for a traffic offense and a check by police disclosed that defendant was wanted on an outstanding misdemeanor warrant. The officers in *Chapman* placed defendant under arrest and conducted a pat-down search, which revealed a vial containing a controlled substance in the waistband of defendant's trousers. The Supreme Court ruled that *Dixon* did not apply to these facts, stating:

> The legislative policy underlying the interim bail statute—avoiding the "unwarranted and unnecessary inconvenience, embarrassment and risk attendant *incarceration* for a minor traffic offense" —is not undermined by the exception to the search warrant requirement for searches conducted incident to a lawful custodial arrest. [425 Mich 260.]

See also *People v Ragland,* 149 Mich 277, 283; 385 NW2d 722 (1986) ("[W]e do not believe that *Dixon, supra,* applies to a situation where a police officer, pursuant to a lawful custodial arrest, searches the arrestee").

*Chapman* and *Ragland* were decided under the provisions of MCL 780.581; MSA 28.872(1) prior to its amendment in 1983. The only question remaining is whether, as defendant suggests, the amendment permitting arrestees to post bond with the arresting officer prohibits that officer from conducting a search incident to lawful arrest until he

informs the defendant of his right to post bond and the defendant has declined the opportunity.

At least one panel of this Court has decided, without elaboration, that the amended interim bond statute does not prevent a police officer from conducting a search incident to arrest before the defendant is given an opportunity to, or advised of his rights to, post bail. *People v Hardiman,* 151 Mich App 115; 390 NW2d 210 (1986). We agree. We are satisfied that, in amending the statute, the Legislature intended only to further minimize the unwarranted and unnecessary inconvenience, embarrassment and risk attendant, *Chapman, supra,* p 260, and did not intend to "circumvent the right of a police officer to guarantee his own safety by restricting his right to search an individual who is under full custodial arrest." *Hardiman, supra,* p 120, quoting Judge GILLIS' dissent in *Garcia, supra,* pp 275-276. Although under the amendment a police officer may now accept bond, it does not follow that he must do so without assurance that the arrestee is not in possession of a weapon. Accordingly, we hold that under the interim bond statute, as amended, a police officer may perform a pat-down search for weapons incident to arrest prior to informing the arrestee of his right to post bond. Consistent with this holding, the trial court in this case properly refused to suppress as evidence the weapon seized from defendant during his post-arrest pat-down search.

Defendant's remaining argument goes to the sufficiency of the evidence adduced during trial. When Officer Schnotala discovered the loaded revolver in defendant's waistband, defendant told him that he had a permit to carry the weapon. The permit, however, had expired over one month before defendant's arrest. Defendant testified that he thought the permit did not expire until the

following year. The trial court ruled that the prosecution did not need to prove beyond a reasonable doubt, as an element of the offense of carrying a concealed weapon, that defendant knew his permit was invalid. Defendant claims this was error. We disagree.

Carrying a concealed weapon is a general intent crime. *People v Lane,* 102 Mich App 11; 300 NW2d 717 (1980). The only intent necessary is an intent to do the act prohibited, to knowingly carry the weapon on one's person or in an automobile. *People v Iacopelli,* 30 Mich App 105; 186 NW2d 38 (1971). While a person may be exempted from criminal liability for carrying a concealed weapon if he is licensed to do so, "the language in the statute 'without a license so to carry said pistol as provided by law' does not add an element to the crime." *People v Henderson,* 391 Mich 612, 616; 218 NW2d 2 (1974). Here, the evidence established that defendant knowingly carried the revolver in his automobile. Since defendant did not sustain his burden of showing that he was in fact properly licensed to carry the weapon, see *Henderson, supra,* no further proofs were required of the prosecution to sustain defendant's conviction.

Affirmed.