PEOPLE v WESTON

Docket No. 90261. Submitted December 10, 1986, at Lansing. Decided July 7, 1987.

Terrance A. Weston was bound over to the Oakland Circuit Court following a preliminary examination on charges of possession of cocaine and carrying a concealed weapon. Evidence of the cocaine was suppressed by the trial court, Martin B. Breighner, J., after it ruled that suppression was necessitated by the failure of the police to advise defendant of his right to post bail under the interim bail statute at the time of his arrest on warrants for a suspended driver's license and two traffic citations. The cocaine was uncovered in an inventory search prior to defendant's incarceration but after he had been advised of his right to post bail and had indicated he did not have sufficient cash to post bail. The people appealed.

The Court of Appeals *held:*

The trial court clearly erred in suppressing evidence of the cocaine. The police had achieved compliance with the policy and letter of the interim bail statute by the time the inventory search was conducted.

Reversed and remanded.

1. Evidence — Appeal.

The Court of Appeals will reverse a trial court's ruling on a motion to suppress evidence only if the ruling was clearly erroneous; a ruling is clearly erroneous where the reviewing court is firmly convinced that a mistake has been made.

References

Am Jur 2d, Appeal and Error § 268.

Am Jur 2d, Evidence §§ 412 *et seq.*

Am Jur 2d, Searches and Seizures §§ 34, 57, 57.5, 103.5, 106.

Validity, under Federal Constitution, of warrantless search of motor vehicle—Supreme Court cases. L Ed 2d 882.

Lawfulness of "inventory search" of motor vehicle impounded by police. 48 ALR3d 537.

Violation of federal constitutional rule (Mapp v Ohio) excluding evidence obtained through unreasonable search or seizure, as constituting reversible or harmless error. 30 ALR3d 128.

See also the annotations in the Index to Annotations under Search and Seizure.

2. SEARCHES AND SEIZURES — INVENTORY SEARCHES — INTERIM BAIL
   STATUTE.

   The seizure of evidence in the process of an inventory search
   prior to the incarceration of an individual who is arrested for a
   misdemeanor but is not advised of his right to post bail contem-
   poraneous with his arrest does not violate the requirements of
   the interim bail statute where the search was conducted after
   the individual was advised of his right to post bail under the
   statute (MCL 780.581; MSA 28.872[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

Before: MACKENZIE, P.J., and ALLEN and M. J. SHAMO,* JJ.

M. J. SHAMO, J. Defendant was bound over to circuit court on one count of possession of cocaine, MCL 333.7403(1) and (2)(a)(iv); MSA 14.15(7403)(1) and (2)(a)(iv), and on one count of carrying a concealed weapon, MCL 750.227; MSA 28.424. After conducting an evidentiary hearing on defendant's motion to suppress evidence, the circuit court ordered that the charge of possession of cocaine be dismissed. The prosecutor appeals as of right. The charged offense of carrying a concealed weapon is not at issue in this appeal.

Defendant's vehicle was stopped by the police after it was observed driving through a stop sign. While writing a traffic ticket, the police officer ran a routine check on defendant's driving license. The check revealed that the driver's license was suspended and that defendant also had outstanding two unconfirmed traffic warrants. Defendant was arrested, searched for weapons, and taken to the

_____
* Recorder's Court judge, sitting on the Court of Appeals by assignment.

police station. The officer did not advise defendant of his right to post bail.

When defendant arrived at the station, he was advised by a police officer responsible for booking prisoners of his right to post bail. He was further advised that he would need $170 in cash for this purpose—$100 for the suspended license charge and $70 for the two traffic warrants. When defendant indicated that he did not have enough money to post bail, he was incarcerated. An inventory search of defendant's person was conducted after it was determined that incarceration would be necessary, and cocaine was found in the course of that search. The inventory search also indicated that defendant's cash on hand amounted to $2.68.

The circuit court decided that the evidence of the cocaine must be suppressed pursuant to the exclusionary rule of *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974), for violations of the interim bail statute, MCL 780.581; MSA 28.872(1). The court found that defendant should have been notified by the police of his right to post bail at the time that he was arrested on the street.

This Court will reverse the ruling of the circuit court to suppress evidence only if the ruling was clearly erroneous. A ruling is clearly erroneous when the appellate court is firmly convinced that a mistake was committed below. *People v Hardiman,* 151 Mich App 115, 118; 390 NW2d 210 (1986), further consideration denied 426 Mich 1201 (1986).

In *Dixon, supra,* pp 705-706 our Supreme Court held that violations of the interim bail statute are remedied by the suppression of evidence:

> Any evidence gained in derogation of this statutory right is to be suppressed; no other remedy is as likely to assure its full enforcement and the

protection of the citizenry at large from unwarranted and unnecessary inconvenience, embarrassment and risk attendant incarceration for a minor traffic offense.

The interim bail statute, MCL 780.581; MSA 28.872(1), provides only that the police take the person arrested to a magistrate "without unnecessary delay" and that the person arrested has the right to post bond if the magistrate is not immediately available or if an immediate trial cannot be conducted. In *Dixon, supra,* p 703, the Court expanded the scope of the police duties pursuant to the statute by requiring the arresting officer to inform the person arrested of his right to post bond.

We conclude that the *Dixon* exclusionary rule does not require suppression of the evidence of cocaine in the instant case. Contrary to the ruling of the circuit court, the interim bail statute does not impede the police in conducting an otherwise permissible search incident to an arrest. *People v Chapman,* 425 Mich 245; 387 NW2d 835 (1986). "[T]he determinative question is whether the statute has been violated." *Id.,* 260. See also, *People v Combs,* 160 Mich App 666; 408 NW2d 420 (1987). Although better police practice would perhaps dictate that the defendant be advised of his rights pursuant to the interim bail statute contemporaneous with his arrest, the failure of the police in the instant case to give this advice did not result in the discovery of any inculpatory evidence. Cf., *Dixon, supra,* p 705; *People v Siegel,* 95 Mich App 594, 605-607; 291 NW2d 134 (1980), lv den 414 Mich 900 (1982). It was only *after* defendant was advised of his interim bail rights that the evidence of the cocaine came to light. By that time, the police had achieved compliance with the policy

and letter of the statute. The circuit court's belief that suppression was required because of the failure of the arresting officer to give the advice of the right to post bail "on the street" without any showing of a causal nexus between that failure and the subsequent discovery of evidence was clearly erroneous.[1]

The circuit court relied upon *People v Garcia*, 81 Mich App 260; 265 NW2d 115 (1978), and *Siegel, supra*, to support its conclusion that the evidence was illegally obtained. To the extent that the viability of those holdings survive the Supreme Court's recent opinion in *Chapman, supra*, we do not read either *Garcia* or *Siegel* to require suppression of evidence seized during an in-custody inventory search after the defendant has been advised of his right to bail.

We conclude that the circuit court's decision to suppress the evidence and to dismiss the charge against defendant for possession of cocaine was clearly erroneous. Accordingly, we reverse that decision and remand this cause for reinstatement of the cocaine possession charge.

Reversed and remanded.

---

[1] Although defendant testified that his cousin was following him in another vehicle at the time of the arrest and that the cousin could have posted bail, the circuit court made no finding accepting that testimony as true.