PEOPLE v POOLE

Docket No. 133710. Submitted March 11, 1993, at Lansing. Decided
April 6, 1993, at 9:25 A.M.

Darrin E. Poole was convicted by a jury in the Oakland Circuit
Court, Richard D. Kuhn, J., of possession with intent to deliver
less than fifty grams of cocaine. The police discovered the
cocaine in clothing in the trunk of the defendant's automobile
after stopping him for speeding, arresting him for driving with
a suspended driver's license, impounding the automobile, and
performing a roadside inventory search of the automobile. The
police also found an address book in the glove compartment of
the automobile. On appeal, the defendant claimed that, because
the police violated the interim bail statute in failing to inform
him immediately of the right to post interim bail, the search of
the automobile was illegal and evidence of the cocaine and the
address book should have been suppressed by the trial court.

The Court of Appeals *held:*

1. The interim bail statute, MCL 780.581(2); MSA 28.872(1)(2),
does not deprive an arresting officer of the right to conduct a
search of a person incident to that person's arrest or an
inventory search of an automobile that is impounded after its
driver's arrest.

2. The impoundment of the defendant's automobile, being
consistent with police department policy, was lawful.

3. The validity of the inventory search of the automobile
turns on whether the police department had policies governing
inventory searches in general and inventory searches of closed
containers found in impounded automobiles in particular. Evi-
dence of such policies is lacking in this case, requiring remand
for further proceedings with respect to the validity of the
inventory search.

Remanded.

REFERENCES

Am Jur 2d, Bail and Recognizance §§ 24, 29; Searches and Seizures
§ 106.

Lawfulness of search of motor vehicle following arrest for traffic
violation. 10 ALR3d 314.

Lawfulness of "inventory search" of motor vehicle impounded by
police. 48 ALR3d 537.

1. Searches and Seizures — Misdemeanors — Interim Bail Statute.

   The interim bail statute requires the police to inform a person arrested for a misdemeanor of the right to post interim bail, but does not bar the police from conducting a search incident to an arrest or an inventory search of an automobile impounded at the time of the driver's arrest (MCL 780.581[2]; MSA 28.872[1][2]).

2. Searches and Seizures — Impounded Automobiles — Inventory Searches.

   An inventory search of an automobile impounded after its driver's arrest must be in accordance with established police policy in order for evidence obtained in the search to be admissible in a prosecution of the driver.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Kathryn G. Barnes,* Assistant Prosecuting Attorney, for the people.

*Ronald E. Kaplovitz,* for the defendant on appeal.

Before: Brennan, P.J., and Hood and Taylor, JJ.

Per Curiam. Defendant appeals as of right from his conviction, following a jury trial, of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). He was sentenced to a term of one to twenty years. We remand.

Defendant was stopped by the police for speeding on the freeway. A subsequent check of the Law Enforcement Information Network disclosed that he was driving while his driver's license was suspended, MCL 257.904(2); MSA 9.2604(2), a misdemeanor. He was then arrested and his vehicle was impounded. Defendant's passenger possessed no valid driver's license.

The vehicle was subjected to an inventory search at the side of the road. Cocaine was found inside a paper bag located in the pocket of a pair of jeans that was inside the trunk. An address book containing notations such as "Eleven packs equals a hundred and ten dollars" was found inside the glove box.

On appeal, defendant argues that evidence of the address book and the drugs should have been suppressed because the police failed to inform him of his right to post interim bail, MCL 780.581; MSA 28.872(1), and therefore, the inventory search was illegal. We disagree.

At the time of defendant's arrest in 1988, the release of misdemeanor prisoners act provided that a person arrested for committing a misdemeanor had to be taken, "without unnecessary delay, . . . before the most convenient magistrate of the county in which the offense was committed to answer the complaint." MCL 780.581(1); MSA 28.872(1)(1).[1] The act further provided that, "if a magistrate is not available or immediate trial cannot be had, the person arrested may leave with the arresting officer or the direct supervisor of the arresting officer or department . . . as a bond to guarantee his or her appearance, a sum of money . . . not to exceed the amount of the possible fine but not less than 20% of the amount of the minimum possible fine that may be imposed for the offense for which the person was arrested." MCL 780.581(2); MSA 28.872(1)(2).

An arresting officer must inform the arrested person of the right to post interim bail. *People v Dixon*, 392 Mich 691, 703; 222 NW2d 749 (1974). Evidence obtained in violation of the statute must be suppressed. *Id.* at 705.

---

[1] The act was amended effective November 12, 1990, and March 28, 1991, but no relevant substantive changes were made.

The purpose of the statute is to protect citizens from the "unwarranted and unnecessary inconvenience, embarrassment and risk attendant [to] *incarceration* for a minor offense." *Id.* at 705-706 (emphasis added); see also *People v Chapman,* 425 Mich 245, 257, n 15, 260; 387 NW2d 835 (1986). Therefore, the statute does not deprive the arresting officer of the right to conduct a search of the person and of the driver and passenger compartments of the vehicle pursuant to a lawful custodial arrest. *Id.* at 260; *People v Ragland,* 149 Mich App 277, 281-283; 385 NW2d 772 (1986). Likewise, the statute is not violated by taking a person to the police station and processing the arrest as long as intrusions that are attendant to incarceration are not imposed upon the arrested person. See *Dixon, supra* at 706-707; see also *Chapman, supra* at 257-258, 260. Nothing in the statute requires that a defendant be allowed to post bail at the scene.[2]

We find that the statute was not violated in this case by the officer's failure to immediately inform defendant of his right to post interim bail. *People v Weston,* 161 Mich App 311, 314; 409 NW2d 819 (1987); *People v Combs,* 160 Mich App 666, 672; 408 NW2d 420 (1987). Further, we find that, even if the statute had been violated, defendant has not shown a causal nexus between the alleged violation and the discovery of the evidence. *Weston, supra* at 314-315. The address book was discovered during a lawful search of the passenger compartment pursuant to defendant's arrest. The legality of the impoundment of defendant's car and of the attendant inventory search that uncovered drugs in the trunk will be discussed *infra. People v Krezen,* 427 Mich 681, 685; 397 NW2d 803 (1986).

---

[2] We agree with the prosecutor that allowing the posting of bail at the scene creates the appearance of, and the potential for, impropriety.

Defendant properly points out that the officer was not required to arrest him and impound his vehicle merely because he had a suspended license. Rather, the officer had the discretion to issue defendant a citation with instructions to appear in court. MCL 257.727(d); MSA 9.2427(d) (formerly subsection [4]); see also *Dixon, supra* at 701, n 13, 702-703. However, there is no allegation that an improper motive caused the officer to arrest defendant rather than issue him a citation.

The legality of the inventory search that followed defendant's arrest depends in part on whether the car was lawfully impounded. *Krezen, supra* at 685. Here, the officer testified that it was department policy to impound a vehicle "when a person is arrested and there is no one there that can take care of the car." Because defendant's passenger had no valid driver's license, the officer properly impounded the vehicle pursuant to department policy. See, e.g., *People v Toohey,* 438 Mich 265, 288-289; 475 NW2d 16 (1991); *People v Castle,* 126 Mich App 203, 210; 337 NW2d 48 (1983); *People v Roberson,* 80 Mich App 241, 243; 263 NW2d 42 (1977). The fact that there may have been less intrusive ways to achieve the legitimate goals of an inventory search—the protection of property, the prevention of claims against the police, and the protection of police officers—does not make the decision to impound the vehicle unlawful. *Toohey, supra* at 283, 290.

Because the vehicle was lawfully impounded, the validity of the inventory search depends on whether there were standardized criteria, policies, or routines regulating how inventory searches were to be conducted. *Florida v Wells,* 495 US 1, 4; 110 S Ct 1632; 109 L Ed 2d 1 (1990) (search invalid where there was no policy); *People v Long (On Remand),* 419 Mich 636, 647-649; 359 NW2d 194

(1984) (search invalid where there was no policy). The goal is to prevent inventory searches from being used as "a ruse for general rummaging in order to discover incriminating evidence" and, therefore, the applicable policy "should be designed to produce an inventory." *Wells, supra* at 4. However, the policy may direct the opening of all containers, of none, or of only those with unknown contents, without violating the constitution. *Id.*

Contrary to defendant's argument, the policy may allow an individual officer to exercise some discretion. *Wells, supra* at 3-4; *Toohey, supra* at 286-287. However, that discretion must not be "uncanalized." *Wells, supra* at 4; *Toohey, supra* at 286-287.

Here, the officer did not produce the department's policy and he did not testify concerning the department's policy regarding closed containers. Although he testified that it was routine to open the trunk and check for a spare tire, he did not testify whether it was department policy to open all or some of the containers found in the trunk. We must therefore remand for further proceedings consistent with this opinion.

We stress that the only issue remaining is whether the police department had a standard practice that allowed the procedure followed in this case. There are no issues remaining with regard to either the address book or the interim bail act.

Remanded. We do not retain jurisdiction.