# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 9, 2018

Plaintiff-Appellee,

v

No. 334395
Wayne Circuit Court
LC No. 15-008520-01-FH

NASSER MAHER ABDEL-SALEM,

Defendant-Appellant.

Before: METER, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of carrying a concealed weapon (CCW), MCL 750.227. Defendant was sentenced to three days' jail time, with credit for three days served, and $798 in fees and costs. Defendant challenges the sufficiency of the evidence used to support his conviction, and specifically claims that the prosecution did not demonstrate the element of concealment by proof beyond a reasonable doubt. We affirm.

## I. FACTUAL BACKGROUND

Early in the morning on September 28, 2015, police were dispatched to defendant's home in Detroit upon receiving information that there was a person with a weapon and an individual heard screaming. Detroit Police Officer Tony Jackson arrived at the scene and witnessed three people outside defendant's home yelling and screaming. After illuminating the scene with a spotlight, Officer Jackson saw defendant standing on the berm, or the grassy area between the sidewalk and roadway, in front of defendant's home. Defendant began to bend down and fidget with his right ankle, and shortly thereafter, Officer Jackson saw a handgun fall from defendant's pant leg. Defendant was ordered to the ground and placed in handcuffs. The handgun was retrieved and found to have been legally obtained and owned by defendant, although defendant admitted at trial that he did not have a concealed pistol license.

Defendant contended during trial that he was legally and openly carrying his handgun. He testified that his handgun had been tucked into the waistband of his sweatpants when a woman threw an "air ratchet" at him. Defendant claims the "air ratchet" hit him just as the officers arrived at the scene and caused his handgun to be dislodged and, perhaps, momentarily obscured. Nevertheless, the trial court found that the prosecution had proven the essential elements of the crime.

-1-

## II. ANALYSIS

Defendant argues that the evidence produced at trial was insufficient to justify his conviction. Particularly, defendant challenges the trial court's finding that the handgun at issue was "concealed" pursuant to MCL 750.227(2).

Challenges to the sufficiency of the evidence in a bench trial are reviewed de novo. *People v Lanzo Const Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006), citing *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). "When ascertaining whether sufficient evidence was presented in a bench trial, to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008), citing *Wilkens*, 267 Mich App at 728. "Concealment is an essential element of the crime of carrying concealed weapons." *People v Reynolds*, 38 Mich App 159, 161; 195 NW2d 870, 871 (1972) (citation omitted). Finally, "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *Kanaan*, 278 Mich App at 619, citing *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), MCR 6.001(D), and MCR 2.613(C).

We disagree with defendant's contention that no precedent exists subsequent to November 1, 1990, that interprets "concealment" as it applies to the CCW statute. A longstanding interpretation of the term was affirmed by this Court in 2005. *People v Hernandez-Garcia*, 266 Mich App 416, 421-422; 701 NW2d 191 (2005), aff'd in part, vacated in part on other grounds 477 Mich 1039 (2007). One issue before the Court of Appeals in *Hernandez* had to do with a trial judge's answer to a juror's question regarding the definition of "concealment." *Id*. at 421. The defendant contended that the trial court's answer constituted an impermissible finding of fact and "effectively order[ed] the jury to find defendant guilty." *Id*.

This Court held that the trial judge's answer did not constitute an impermissible finding of fact, but rather, a correct statement of law. *Id*. at 421-422. To show that the trial judge's answer constituted a correct statement of the law, the appellate court summarized the definition of concealment as it applies to the CCW statute. *Id*.

> Concealment, under MCL 750.227(2), occurs when the pistol is not discernible by the ordinary observation of persons casually observing the person carrying it. Absolute invisibility of a weapon is not indispensable to concealment; the weapon need not be totally concealed. Evidence that a defendant placed a revolver in his belt or waistband so that the weapon could not be readily seen has been found sufficient to uphold a CCW conviction. [*Id*. (quotation marks and citations omitted).]

The Michigan Supreme Court affirmed the decision as it related to the trial judge's answer, and by extension, affirmed the Court of Appeals' interpretation of concealment. *People v Hernandez-Garcia*, 477 Mich 1039, 1038-1040; 728 NW2d 406 (2007). Applying the standard articulated in *Hernandez* to the case at hand, we hold that sufficient evidence existed to support the trial court's finding that defendant's handgun was concealed.

Officer Jackson testified that upon first viewing defendant, he did not see a gun. In fact, Officer Jackson did not see a gun until it had fallen from defendant's pant leg to the ground. Far from the "ordinary," "casual" observer, Officer Jackson was dispatched to the scene specifically on a report that a person had a weapon. For the purposes of establishing concealment, Officer Jackson was necessarily a *more* vigilant observer than the ordinary, casual observer spoken of in *Hernandez*. Moreover, in addition to the testimony of Officer Jackson, the trial court considered a videorecording that the prosecution contended corroborated Officer Jackson's testimony by depicting defendant fidgeting with the handgun. Thus, the evidence, viewed in a light most favorable to the prosecution, was sufficient for a rational trier of fact to find that defendant's handgun was not discernible by the ordinary observation of persons casually observing defendant, i.e., that the handgun was concealed.

Defendant also contends that his concealment of the handgun was necessarily caused by a woman throwing an "air ratchet" at him, and that even where said concealment occurred, it was only momentary. Defendant's contention is without merit. "Carrying a concealed weapon is a general intent crime." *People v Combs*, 160 Mich App 666, 673; 408 NW2d 420 (1987), citing *People v Lane*, 102 Mich App 11; 300 NW2d 717 (1980). "The only intent necessary is an intent to do the act prohibited, to knowingly carry the weapon on one's person or in an automobile." *Combs*, 160 Mich App at 673, citing *People v Iacopelli*, 30 Mich App 105; 186 NW2d 38 (1971). The only relevant fact in terms of the intent element of the crime is that defendant admitted to knowingly carrying his handgun. *Combs*, 160 Mich App at 673; see also *Hernandez*, 477 Mich at 1043 n 1 ("[T]he CCW statute, MCL 750.227(2), requires only that a defendant knowingly possess a concealed weapon."), citing *People v Tombs*, 472 Mich 446; 697 NW2d 494 (2005).

It was not necessary for the trial court to consider whether defendant intended to conceal the gun, or even whether he knew the gun was concealed, but rather, only that defendant intended to knowingly carry a gun and the gun was, in fact, concealed. See *People v Jackson*, 43 Mich App 569, 571; 204 NW2d 367 (1972) (affirming a CCW conviction even where the defendant claimed his revolver was visible when tucked into his belt). Nevertheless, there was more than enough evidence for the trial court to reasonably infer that defendant knowingly carried the handgun concealed on his person.

Based on Officer Jackson's testimony and the videorecording produced at trial, we hold that the evidence was sufficient. A rational trier of fact could find the element of concealment beyond a reasonable doubt. Further, defendant's alternative argument on appeal is without merit in light of the fact that carrying a concealed weapon is a general intent crime.

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Douglas B. Shapiro