*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

LATRON ANTHONY WHITFIELD, JR.,

    Defendant-Appellant.

UNPUBLISHED
May 11, 2026
9:28 AM

No. 374826
Kalamazoo Circuit Court
LC No. 2024-000997-FH

Before: KOROBKIN, P.J., and RIORDAN and MARIANI, JJ.

PER CURIAM.

Defendant Latron Anthony Whitfield, Jr. appeals as of right his jury-trial conviction of carrying a concealed weapon (CCW), MCL 750.227. Defendant was sentenced to serve one day in jail. Defendant now challenges the trial court's decision to decline to include M Crim JI 11.10 in its instructions to the jury. We affirm.

## I. FACTUAL BACKGROUND

On July 12, 2024, Kalamazoo Department of Public Safety Officer Bradley Spieldenner was conducting a nighttime patrol. During his patrol, Officer Spieldenner observed defendant and noticed that the front pocket of defendant's hooded sweatshirt was unusually heavy and pulled tightly across his body. Officer Spieldenner apparently knew defendant from previous interactions and asked dispatch to find out whether defendant had a concealed pistol license (CPL). Dispatch informed Officer Spieldenner that defendant did not have a valid CPL.[1] Officer Spieldenner decided to approach defendant because of these observations and the response from dispatch. When he approached defendant, Officer Spieldenner asked defendant if he was carrying a gun. Defendant indicated that he was. Officer Spieldenner then handcuffed defendant and retrieved a pistol from the front pocket of his hooded sweatshirt. At some point during this interaction,

---

[1] The trial court overruled defendant's hearsay objection to this testimony but instructed the jury to "just receive it for the purpose of why the officer behaved the way he did, not for the truth of what was relayed to him."

defendant told Officer Spieldenner that he had a CPL. Officer Spieldenner informed defendant that he did not have a valid CPL, and defendant was then arrested and charged with CCW.

Officer Spieldenner was the only trial witness. He testified that defendant told him that he had a CPL and that defendant did not know that it had expired. On cross-examination, defense counsel asked whether Officer Spieldenner was aware of any other documentation regarding defendant's CPL status, to which Officer Spieldenner responded that he had received faxed documentation in the form of a "LEIN return" that defendant's CPL had expired in 2021. This testimony was allowed in its entirety.

Defendant moved for a directed verdict, arguing, in relevant part, that there was no evidence that he did not have a valid CPL. The trial court disagreed. It reasoned that defendant had the burden to present some evidence that he had a valid CPL, and because defendant had not satisfied this burden, the prosecution had no obligation to prove beyond a reasonable doubt that defendant lacked a valid CPL. The trial court thus denied the motion for a directed verdict.

Defendant then asked the trial court to include M Crim JI 11.10 in its instructions to the jury. M Crim JI 11.10 provides, in relevant part, that a person with a valid CPL is exempted from the prohibition of CCW. The trial court concluded that defendant had not satisfied his burden of showing that he was licensed. The trial court reasoned that defendant's assertion to Officer Spieldenner about having a CPL "does not rise to the level where it shifts the burden back to the government to prove beyond a reasonable doubt that he lacked a license." The trial court added that "had Mr. Whitfield presented any other evidence to support that, we may be having a different conversation."

As stated, the jury convicted defendant of CCW, and defendant was sentenced to serve one day in jail. This appeal now follows.

## II. ANALYSIS

Defendant argues that Officer Spieldenner's testimony that defendant thought that he had a valid CPL was sufficient to satisfy the burden required for the trial court to include M Crim JI 11.10 in its instructions to the jury. We disagree.

We review claims of instructional error involving questions of law de novo. *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). Jury instructions are reviewed as a whole and "must include all elements of the crime charged and must not exclude consideration of material issues, defenses, and theories for which there is supporting evidence." *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002). The trial court's determination whether a jury instruction applies to the facts of a case is reviewed for abuse of discretion. *Dupree*, 486 Mich at 702. "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Guajardo*, 300 Mich App 26, 34; 832 NW2d 409 (2013) (quotation marks and citation omitted).

In the present case, defendant was convicted of CCW under MCL 750.227(2), which states:

A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person,

except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restriction upon such license.

MCL 750.231a(1)(a) provides an exception to MCL 750.227(2) and states as follows:

> (1) Subsection (2) of section 227 does not apply to any of the following:
>
> (a) To a person holding a valid license to carry a pistol concealed upon his or her person issued by his or her state of residence except where the pistol is carried in nonconformance with a restriction appearing on the license.

M Crim JI 11.10 is the jury instruction that is provided when "some evidence relating to the license exemption was admitted at trial." Use Note, M Crim JI 11.10. The instruction states: "This law [MCL 750.227(2)] does not apply to anyone who has a valid license to carry a concealed pistol . . . . The prosecutor has the burden of proving beyond a reasonable doubt that the defendant . . . did not have a license . . . ." M Crim JI 11.10.

This instruction is, essentially, an affirmative-defense instruction because it is used to instruct the jury when a defendant raises the defense against a CCW charge that he or she had a valid CPL. See MCL 750.231a(1)(a); M Crim JI 11.10. See also *People v Pegenau*, 447 Mich 278, 289; 523 NW2d 325 (1994). Indeed, our Supreme Court has explained, when discussing a previous version of MCL 750.227, that "[t]he language in the statute 'without a license to so carry said pistol as provided by law' does not add an element to the crime, but simply acknowledges that a person may be authorized so to carry a pistol." *People v Henderson*, 391 Mich 612, 616; 218 NW2d 2 (1974).

A trial court is not required to automatically provide an affirmative-defense instruction when a defendant requests it. *People v Leffew*, 508 Mich 625, 644; 975 NW2d 896 (2022). Instead, "the defendant has the burden of producing some evidence from which the jury can conclude the essential elements of the defense are present." *Id*. (cleaned up). Similarly, M Crim JI 11.10 follows this general rule because the Use Note to the instruction it states that "[t]his instruction is to be given when the trial court determines that some evidence relating to the license exemption was admitted at trial."

*Henderson* is cited in the Use Note for M Crim JI 11.10. In *Henderson*, our Supreme Court stated that once the prosecution establishes a prima facie case for the violation of MCL 750.227, i.e., that the defendant was carrying a pistol, "the defendant has the burden of injecting the issue of license by offering some proof—not necessarily by official record—that he has been so licensed." *Henderson*, 391 Mich at 616. Thereafter, the burden shifts back to the prosecution "to establish the contrary beyond a reasonable doubt." *Id*.

From the foregoing, it is clear that, after the prosecution in this case produced evidence that defendant knowingly carried a concealed pistol on his person, defendant then bore the burden to present "some evidence" that he had a valid CPL. Use Note, M Crim JI 11.10. See also *Leffew*, 508 Mich at 644. *Henderson*, however, did not expound on what would suffice as "some evidence," yet fall short of an official record. Our Supreme Court later interpreted *Henderson* as

holding "that the defendant bore the burden of *producing* evidence regarding licensure . . . ." *People v Perkins*, 473 Mich 626, 638; 703 NW2d 448 (2005). In other words, "the defendant bore the burden of producing or going forward with evidence that he was licensed . . . ." *Id*. But in *Perkins*, the defendant produced no evidence to satisfy his burden, *id*. at 640,[2] so the Court again did not shed light on what evidence would be satisfactory.

A similar situation to the present case occurred in *People v Combs*, 160 Mich App 666; 408 NW2d 420 (1987). In *Combs*, the defendant told the officer that he had a license to carry the revolver on his person, and he testified at trial that he thought that his license had not yet expired at the time. *Id*. at 672-673. This Court followed *Henderson* and determined that these statements were not sufficient to shift the burden to the prosecution to prove beyond a reasonable doubt that the defendant did not have a valid license. *Id*. at 673. "Since defendant did not sustain his burden of showing that he was in fact properly licensed to carry the weapon, . . . no further proofs were required of the prosecution to sustain defendant's conviction." *Id*.

Further, in a case involving the defendant's burden to prove the affirmative defense that he had a valid prescription for purposes of MCL 333.7403(1), the defendant similarly argued that "the police officers' testimony recounting his assertion that he had a prescription satisfied his burden of production." *Pegenau*, 447 Mich at 294. *Pegenau* recognized that MCL 333.7403(1) was analogous to the CCW statute and relied, in significant part, on the burden discussion in *Henderson*. *Id*. at 290-292. The Court noted that MCL 333.7531 did "not define the quantum of evidence required to meet defendant's burden. However, defining the evidentiary threshold is clearly within the power of this Court." *Id*. at 294. The Court further explained that, although "paper documentation is not always required, more than defendant's own assertion is required." *Id*. at 296. Yet, the Court also clarified that a defendant's own testimony "may be enough to meet his burden" if, for example, he provides specific details about when and where he received a prescription. *Id*. at 298 n 20. Nevertheless, in that case, the Court determined that the officer's testimony, presented as the prosecution's witness, that the defendant had told the officer that he had a valid prescription was "insufficient to meet defendant's burden of proof . . . ." *Id*. at 294.[3]

In the present case, defendant's reliance on Officer Spieldenner's testimony recounting his assertion that he thought that he had valid CPL is significantly similar to the assertions relied on

---

[2] *Perkins* addressed the respective burdens in a prosecution under MCL 750.224f, which sets forth restrictions concerning the possession of firearms by persons having been convicted of a felony. Relying on MCL 776.20 and *Henderson*, the Court concluded that "the defendant has the burden of producing evidence to establish that his or her right to possess a firearm has been restored." *Id*. at 628.

[3] Further, in the self-defense context, which employs a similar burden-shifting scheme, see *Dupree*, 486 Mich at 709-710, this Court has indicated that the defendant must introduce some evidence beyond a bare assertion of self-defense to satisfy his initial burden. See *Guajardo*, 300 Mich App at 41 ("After a thorough review of the record, we conclude that there was no evidence that would have allowed a jury to find that defendant's criminal possession of the rifle was justified by an honest and reasonable belief that it was necessary for him to use deadly force to prevent imminent death or great bodily harm to himself or to another.").

in *Combs* and *Pegenau*. Therefore, as the respective assertions in those cases were deemed insufficient, see *Combs*, 160 Mich App at 673; *Pegenau*, 447 Mich at 294, we conclude that defendant here likewise has failed to satisfy his burden of production that would support his entitlement to an instruction under M Crim JI 11.10. That is, defendant has failed to produce or come forward with anything more than a mere assertion at the time of arrest that he had a valid CPL. This is insufficient to shift the burden to the prosecution to prove beyond a reasonable doubt that defendant did not have a valid CPL. Accordingly, the trial court properly exercised its discretion by declining to provide M Crim JI 11.10 to the jury. See *Dupree*, 486 Mich at 702.

Defendant briefly suggests that the trial court's denial of his request to include M Crim JI 11.10 in its jury instructions violated his due-process right to present a defense. We disagree. We review de novo "the constitutional question whether a defendant was denied her constitutional right to present a defense." *Kurr*, 253 Mich App at 327. "Instructional errors that directly affect a defendant's theory of defense can infringe a defendant's due process right to present a defense." *Id*. at 326-327. However, in the present case, there was no instructional error. And, because there was no error, defendant's due-process right to present a defense was not violated.

## III. CONCLUSION

The trial court did not err or otherwise abuse its discretion by declining to instruct the jury on M Crim JI 11.10. We affirm.

/s/ Daniel S. Korobkin
/s/ Michael J. Riordan
/s/ Philip P. Mariani