*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DAVID RYAN BAUMANN,

        Defendant-Appellee.

UNPUBLISHED
April 27, 2023

No. 360451
Livingston Circuit Court
LC No. 21-000234-AR

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant, David Ryan Baumann, was charged with possession of methamphetamine/ecstasy, MCL 333.7403(2)(b)(*i*), and possession of Xanax/alprazolam, MCL 333.7403(2)(b)(*ii*), following an inventory search of his vehicle at the scene of a car accident pursuant to the written impoundment policy of the Livingston County Sheriff's Office. The district court concluded that the inventory search was unconstitutional and dismissed the charges, and the circuit court affirmed. Plaintiff appeals by leave granted.[1] We reverse and remand for further proceedings.

## I. BACKGROUND

Livingston County Sheriff's Deputy Daniel Hillier was near Latson Road and Brophy Road when he responded to the scene of a car accident. The accident involved two cars: one that was on fire and one that belonged to defendant. Defendant's car sustained heavy damage, and the airbags had been deployed. Deputy Hillier testified that neither car involved in the accident was able to be driven from the scene.

Deputy Hillier decided to have defendant's vehicle towed from the scene. Although defendant was not under arrest or under investigation, Deputy Hillier, pursuant to departmental

---

[1] *People v Baumann*, unpublished order of the Court of Appeals, entered June 8, 2022 (Docket No. 360451).

policy, completed an inventory search before defendant's vehicle was towed from the scene. During the inventory search, Deputy Hillier found a bag in the backseat of defendant's vehicle; the bag contained baggies of pills that defendant identified as Xanax and Ecstasy. Deputy Hillier arrested defendant and completed an "impound report" for the inventory search. After Deputy Hillier completed the inventory search, defendant's vehicle was towed by a towing company to its secure lot.

After the prosecution presented its proofs for the preliminary examination, defendant moved the district court to quash the bindover on the basis that the inventory search was improper. The district court granted defendant's motion and dismissed the charges. The district court held that inventory searches required "impoundment" rather than "towing" of the vehicle; that defendant's vehicle was merely towed, not impounded; and that MCL 257.252d required that the vehicle be released to defendant because he was present at the scene of the accident and was not under any investigation. Plaintiff appealed to the circuit court, which affirmed, holding that because defendant was present at the scene and was not under suspicion of committing a crime, under criminal investigation, or in custody, the vehicle was not "impounded" but was merely towed; the court concluded that under governing caselaw, the inventory search was therefore unconstitutional.

## II. ANALYSIS

We review a trial court's factual findings in a ruling on a motion to suppress for clear error. *People v Attebury*, 463 Mich 662, 668; 624 NW2d 912 (2001). Clear error exists if, after a review of the entire record, we are left with a definite and firm conviction that a mistake has been made. *People v Anthony*, 327 Mich App 24, 31; 932 NW2d 202 (2019) (citation omitted). If the trial court's ruling on a motion to suppress involves an interpretation of the law or the application of a constitutional standard to uncontested facts, we review such issue de novo. *Attebury*, 463 Mich at 668. We review de novo whether the Fourth Amendment was violated. *Anthony*, 327 Mich App at 32.

This case requires consideration of the propriety of the search of defendant's vehicle under MCL 257.252d, the departmental impoundment policy that was created pursuant to that statute, and caselaw construing the community caretaking exception to the Fourth Amendment's warrant requirement. We conclude that the search was permissible under the statute, the policy, and the Fourth Amendment.

At the time of the incident, § 252d of the Michigan Vehicle Code, MCL 257.1 *et seq*., provided in relevant part:[2]

> (1) A police agency or a governmental agency designated by the police agency may provide for the immediate removal of a vehicle from public or private property to a place of safekeeping at the expense of the last-titled owner of the vehicle in any of the following circumstances:

---

[2] MCL 257.252d was amended by 2022 PA 89, effective August 24, 2022.

-2-

(k) If the vehicle has been involved in a traffic crash and cannot be safely operated from the scene of the crash.

2) Unless the vehicle is ordered to be towed by a police agency or a governmental agency designated by a police agency under subsection (1)(a), (d), (e), or (k), if the owner or other person who is legally entitled to possess a vehicle to be towed or removed arrives at the location where the vehicle is located before the actual towing or removal of the vehicle, the vehicle shall be disconnected from the tow truck, and the owner or other person who is legally entitled to possess the vehicle may take possession of the vehicle and remove it without interference upon the payment of the reasonable service fee, for which a receipt shall be provided.

(3) A police agency that authorizes the removal of a vehicle under subsection (1) shall do all of the following:

* * *

(b) Except for vehicles impounded under subsection (1)(d), (e), or (k), a police agency shall enter the vehicle into the law enforcement information network as abandoned not less than 7 days after authorizing the removal and follow the procedures set forth in section 252a. [MCL 257.252d, as amended by 2012 PA 498.]

Pursuant to MCL 257.252d, the Livingston County Sheriff's Department has a written policy for "Impounded Vehicles." The policy provides, in relevant part:

PURPOSE

It is this Sheriff's Office policy to set a uniform standard for impounding vehicles that follows State Laws, as well as, providing for a uniform approach to inventory vehicles and their contents.

PROCEDURE

A. Michigan law (MCL 257.252d . . .) outlines circumstances when a police agency may authorize immediate removal of a vehicle or vessel from private or public property to a place of safekeeping at the owner's expense. The conditions for immediate removal include when the vehicle or vessel is:

* * *

10. Involved in a crash.

* * *

B. All vehicles impounded will have an inventory search conducted and it's [sic] valuable contents listed on the impound report. Obvious valuable property, including prescribed medications, will be secured in the Sheriff's Office Property or returned to the owner or their designee. All closed containers, including the trunk, will be opened and inventoried.

"[T]he United States Supreme Court has determined that the impoundment and subsequent inventory search of a vehicle is constitutionally valid as part of the caretaking function performed by the police." *People v Toohey*, 438 Mich 265, 275; 475 NW2d 16 (1991). "Vehicle accidents present one such occasion" when a vehicle may be taken into police custody under the community caretaking function. *South Dakota v Opperman*, 428 US 364, 368; 96 S Ct 3092; 49 L Ed 2d 1000 (1976). "To permit the uninterrupted flow of traffic[,] . . . , disabled or damaged vehicles will often be removed from the highways or streets at the behest of police engaged solely in caretaking and traffic-control activities." *Id*. at 368. "The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *Id*. at 369.

The impoundment of a vehicle that precedes an inventory search "must have been carried out legally." *Toohey*, 438 Mich at 284. The impoundment of a vehicle is constitutional if there is "an established set of procedures which the police must follow in making the determination whether to impound" and the impoundment is "not used as a pretext for conducting a criminal investigation." *Id*. at 285. See also *Colorado v Bertine*, 479 US 367, 375-376; 107 S Ct 738; 93 L Ed 2d 739 (1987) (holding that Supreme Court precedent did not prohibit police department regulations from giving police officers the discretion to choose between impounding a vehicle or parking and locking a vehicle as long as "[t]here was no showing that the police chose to impound [the defendant's] van in order to investigate suspected criminal activity"). "This is the most logical analysis, since the purpose of each activity is interrelated and intended to accomplish similar results." *Toohey*, 438 Mich at 285. "[C]ourts need not second-guess a police officer's exercise of professional judgment regarding impoundment of an automobile when the judgment was exercised in accordance with otherwise reasonable police department regulations." *Id*. at 279. Moreover, "[t]he reasonableness of any particular governmental activity does not necessarily or invariably turn on the existence of alternative 'less intrusive' means." *Bertine*, 479 US at 374 (quotation marks and citation omitted).

The district and circuit courts framed the matter as turning on whether defendant's vehicle was "impounded" or merely "towed." However, it is apparent that defendant's vehicle was in fact *both* towed *and* "impounded" within the meaning of the departmental impoundment policy and MCL 257.252d when it was removed from the scene of an accident because it could not be safely driven. Deputy Hillier authorized the immediate removal of defendant's vehicle from the middle of a public roadway after it was involved in a crash and deemed undrivable. This removal constituted impoundment under MCL 257.252d(1)(k) (permitting removal of a vehicle to a place of safekeeping "[i]f the vehicle has been involved in a traffic crash and cannot be safely operated from the scene of the crash") and MCL 257.252d(3)(b) and (4) (referring to vehicles that have been "impounded" under MCL 257.252d(1)(k)). The removal of the vehicle also constituted "impoundment" within the meaning of the departmental impoundment policy. Indeed, the policy

provides that a vehicle is *impounded* when an officer authorizes the immediate removal, i.e., the *towing*, of a vehicle from public property after it has been involved in a crash.

Again, a vehicle may be taken into police custody following a vehicular accident pursuant to the community caretaking function performed by the police. See *Opperman*, 428 US at 368-369; *Toohey*, 438 Mich at 275. As the Court stated in *Opperman*, 428 US at 369, a police officer's authority to seize and remove from the streets vehicles impeding traffic is beyond challenge. Because the impoundment of defendant's vehicle occurred in accordance with an established policy, and because there is no basis for a conclusion that it was used a pretext for conducting a criminal investigation, the impoundment of defendant's vehicle was constitutionally permissible. See *Toohey*, 438 Mich at 284.

Moreover, contrary to the district court's holding, MCL 257.252d did not require Deputy Hillier to release the vehicle to defendant, who was present at the scene and not under arrest or investigation. Again, former MCL 257.252d(2) provided:

> *Unless the vehicle is ordered to be towed by a police agency . . . under subsection (1)(a), (d), (e), or (k)*, if the owner or other person who is legally entitled to possess a vehicle to be towed or removed arrives at the location where the vehicle is located before the actual towing or removal of the vehicle, the vehicle shall be disconnected from the tow truck, and the owner or other person who is legally entitled to possess the vehicle may take possession of the vehicle and remove it without interference upon the payment of the reasonable service fee, for which a receipt shall be provided. [Emphasis added.]

Because defendant's vehicle was towed pursuant to MCL 257.252d(1)(k), Deputy Hillier was not required under MCL 257.252d(2) to release the vehicle to defendant or allow defendant to make his own arrangements to have the vehicle towed.

Finally, we conclude that the inventory search was proper. Under the inventory search exception to the warrant requirement, probable cause is not required, and "the police are not required to pursue the least intrusive alternative[]." *Toohey*, 438 Mich at 274. "To be constitutional, an inventory search *must* be conducted in accordance with established departmental procedures, which all police officers are required to follow, and *must not* be used as a pretext for criminal investigation." *Id*. at 284. "[P]olice have the authority to promulgate administrative procedures to conduct such searches, unless violative of the reasonableness requirement of the Fourth Amendment." *Id*. at 278. "[T]he policy may direct the opening of all containers, of none, or of only those with unknown contents," without violating the Constitution. *People v Poole*, 199 Mich App 261, 266; 501 NW2d 265 (1993). Inventory searches are "an appropriate means to address three public policy concerns: (1) protection of the owner's property while in police custody, (2) protection of police against claims of lost or stolen property, and (3) protection of the police from potential physical danger." *Toohey*, 438 Mich at 284. See also *Bertine*, 479 US at 374-375; *Opperman*, 428 US at 369.

Again, the Livingston County Sheriff's Department's impoundment policy provided that "[a]ll vehicles impounded will have an inventory search conducted and it's [sic] valuable contents listed on the impound report . . . . All closed containers, including the trunk, will be opened and

inventoried." Deputy Hillier testified, "Per our department policy, all vehicles have to have an inventory search conducted if they're going to be towed off the road or deemed undrivable," and that "all containers, including the trunk, will be opened and inventoried." Deputy Hillier additionally testified that, after searching the vehicle, he completed an impound report. There is no basis to conclude that the search was not conducted in accordance with the established departmental procedures or in bad faith. Accordingly, the search was appropriate under the inventory search exception to the Fourth Amendment's warrant requirement.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica